55 P.(2d) 737

**YORK et al. v. AMERICAN NAT. BANK OF SILVER CITY, N. M., et al.**

No. 4082.

Supreme Court of New Mexico.

Jan. 9, 1936.

Rehearing Denied March 28, 1936.

Wilson & Woodbury, of Silver City, for appellants.

H. B. Hamilton, of El Paso, Tex., for appellees.

ZINN, Justice.

On August 28, 1914, appellant issued and delivered to W. N. York its certificate of deposit in the sum of $1,000, payable six months after date, with interest at the rate of 4 per cent. per annum. W. N. York died on July 7, 1915, intestate. W. J. Malcolm, a son-in-law, was appointed administrator of the estate of W. N. York. As such administrator he presented his letters of administration to the appellant, and inquired whether there was any money on deposit with appellant to the credit of his decedent. He was informed that there was $410.15 on open account, and received that amount.

On November 14, 1931, George York, a son of the deceased W. N. York, having been informed by one Decker that there was an additional $1,000 on deposit to the credit of his father, applied for appointment as administrator de bonis non of the estate of W.

N. York, and letters of administration were issued to him. As such administrator, George York received from the appellant the sum of $1,020, being the face value of the certificate plus interest for six months at the rate of 4 per cent. per annum. George York is still such administrator.

On May 16, 1932, this action was brought by appellees, one of whom is the aforesaid George York, as heirs of W. N. York, seeking to recover from appellant the interest on the $1,000 deposit from August 28, 1914, down to November 14, 1931. Appellees claimed exemplary damages on the theory of fraud and collusion. This the lower court denied, finding that there was no conspiracy, collusion, or fraud attributable to the appellant. Judgment was entered on September 15, 1934, in favor of appellees as prayed, without the exemplary damages.

The court ruled that the inquiries made of the appellant by W. J. Malcolm constituted a demand upon the appellant to deliver to Malcolm as administrator all moneys of W. N. York on deposit to the said Malcolm, which the bank failed to do, and was therefore liable to the appellees as heirs and distributees of W. N. York, deceased. Appellant is here on appeal from said judgment.

Six errors are assigned. Only one need be considered. It is the appellant's contention that no cause of action existed in the plaintiffs or any of them as heirs of W. N. York, deceased, against appellant, for the reason that such cause of action must be instituted by George York as administrator de bonis non of the estate of W. N. York, deceased, and not by the plaintiffs as heirs and distributees of the estate.

The court found that George York was appointed administrator de bonis non of the estate of W. N. York, deceased, and that at the time of the institution of the suit and at the trial was the duly qualified and acting administrator, and that the estate had not been closed.

As such administrator, the title to any personal property passed direct to George York as administrator, and the appellees had no right therein until the close of the administration. See Smith v. Steen, 20 N.M. 436, 150 P. 927; Sheley v. Shafer, 35 N.M. 358, 298 P. 942. Having the legal title to any amount which the appellant might legally owe the estate, the administrator was the necessary party plaintiff. Here the action was brought by a number of people claiming to be the heirs.

In this jurisdiction on the granting of letters testamentary or of administration or on the appointment of an administrator, all personal property belonging to the decedent passes immediately to the administrator or executor as the case may be. Such administrator having the legal title thereto may demand the payment of any sum of money belonging to the estate of W. N. York, deceased. If such administrator shall fail or refuse to institute any action at law or suit for the benefit of the estate which he represents, or for the benefit of any person or persons claiming to be interested therein, the person or persons interested in such estate or whose rights may be affected by the

failure of such executor or administrator, to institute any such action, or any heir, legatee, creditor, or other person interested in the said estate, may apply to the district court for an order allowing him or them to institute any such suit in the name of such executor or administrator. Comp.St. 1929, § 47-127.

Clearly herein there is no showing that the administrator de bonis non failed or refused to institute for the benefit of the estate an action to recover any money claimed due the estate from the appellant. On the contrary, it appears that the administrator is one of the plaintiffs, appearing, however, as an heir. Furthermore, the action was not brought in the name of such administrator.

Section 47-127, supra, clearly sets forth when, and in whose name, actions or suits shall be brought for the benefit of the estate where the administrator refuses to act. The reason for such a provision in our law is obvious. An administrator or executor acts not only for all the heirs, but also the creditors of the estate. Payment to him is payment to one who acts as agent or trustee for all the creditors, heirs, distributees, or legatees of the estate. In that manner a debtor of the estate, who pays a duly qualified administrator, is assured that other heirs, legatees, creditors, or distributees may not subsequently bring suit and demand payment of their distributive interest in the amount due from such debtor to the estate. The statute having given the administrator the right to sue, or upon the administrator's refusal to sue, the statute designates

who may sue, which suit must be in his name, then no one else has the right to bring the action until the administrator is discharged.

■ Appellee contends that this point cannot be raised at this time, having been raised on demurrer, and the same overruled. In this appellee is in error. Every complaint, in order to state a cause of action, must show some primary right possessed by the plaintiff and some corresponding duty resting upon the defendant, and that such right has been invaded and such duty violated by some wrongful act or omission on the part of the defendant. In legal effect, the objection raised herein by appellant is that the complaint does not state facts sufficient to constitute a cause of action. Such objection may always be raised. Asplund v. Hannett et al., 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573.

For the reasons given, the judgment will be reversed, with directions to dismiss the complaint and for appellant's costs.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and BRICE, JJ., concur.

On Rehearing.

ZINN, Justice.

Appellees, seeking rehearing, present authorities sustaining a cause of action in the heirs touching personal property where proof is certain that they constitute the sole heirs, that all debts have been paid, and that occasion for administration does not exist.

We neither condemn nor approve the doctrine of these authorities. Certainly we have no such case before us. Here there was an administration pending. What we have said is to be read in the light of that fact. And if there had been no administration, the situation disclosed by the record would not warrant suit by the heirs, even within the authorities relied upon by appellees.

The motion for rehearing will be denied. It is so ordered.

SADLER, C. J., and HUDSPETH, BRICE, and BICKLEY, JJ., concur.