Per Curiam.
 

 The judgment is vacated and the case is remanded to the United States District Court for the District of New Mexico for a trial on the merits of the case.
 
 Poller
 
 v.
 
 Columbia Broadcasting System, Inc.,
 
 368 U. S. 464.
 

 Separate Memorandum of
 

 Mr. Justice Harlan.
 

 This is an appeal by the Government in an antitrust case wherein the District Court entered summary judgment in favor of the defendant-appellee without opinion, findings of fact, or conclusions of law of any kind. The case is here on a typewritten record of some 2,000 pages, consisting of pleadings, briefs, depositions, exhibits, and the transcript of a pretrial conference. The district judge is now deceased.
 

 The Court vacates the judgment below and remands the case for trial. Short of its being the law that the summary judgment procedure is wholly unavailable in a government antitrust case — a holding not before nor, as I understand matters, now made — I am unable to say that summary judgment was improvidently granted in this instance without making an examination of the entire record; certainly this disposition should not be made simply on the basis of the Government’s statements
 
 *294
 
 that triable issues of fact exist. To examine this large record without any illumination by the court below would place an intolerable burden on this Court.
 

 In these circumstances I believe that the proper course is to vacate the judgment below and remand the case to the District Court, with leave to the defendant to renew its motion for summary judgment before another district judge. The Court’s action, which deprives the defendant of that opportunity, seems to me unwarranted. If summary judgment were again granted, the District Court would be expected to furnish a statement of its reasons, including such findings of fact and conclusions of law as might be appropriate. Cf.
 
 United States
 
 v.
 
 El Paso Natural Gas Co.,
 
 376 U. S. 651, 662 (concurring-dissenting opinion of Harlan, J.).