E. Y. MALLARY, Jr., and Mrs. Martha B. Mallary, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1991.

United States District Court
M. D. Georgia,
Macon Division.

Jan. 14, 1965.

Martin, Snow, Grant & Napier, Macon, Ga., for plaintiffs.

Floyd M. Buford, U. S. Atty., Wilbur D. Owens, Jr., Asst. U. S. Atty., Macon, Ga., and O. Jan Tyler, Atty., Dept. of Justice, Washington, D. C., for defendant.

ELLIOTT, District Judge.

This is an action seeking to recover income taxes paid by the Plaintiffs. The Court has jurisdiction under the provisions of Title 28 United States Code § 1346 and § 1402.

Plaintiffs timely filed their joint federal income tax returns for the calendar years 1958 and 1959 and paid the amount of tax shown to be due thereon. Thereafter, on examination, the Internal Revenue Service made an adjustment resulting in a deficiency in taxes for the two years in question and the Plaintiffs paid the amounts assessed and now seek to recover a portion thereof, after having filed claims for refund which were disallowed. The adjustment concerning which there is disagreement, and which constitutes the only issue involved in this case, was an increase in Plaintiffs' distributive share of the income of Georgia Coating Clay Company, a partnership, which partnership owned and operated a clay mine in Bibb County, Georgia during the tax years referred to. E. Y. Mallary, Jr. owned a 25% interest and Mrs. Martha B. Mallary owned a 15% interest in the partnership. The partnership was engaged in the mining of minerals which entitled it to a percentage depletion allowance within the meaning of § 613 of the Internal Revenue Code of 1954. During the calendar years 1958 and 1959 E. Y. Mallary was paid a salary of $20,000.00 per year by the partnership. This was a salary which was guaranteed to Mr. Mallary without regard to the income of the partnership and was for services rendered by him to the partnership in connection with its mining activities and operation and maintenance of the partnership's mineral property. In computing the limitation of the deduction for percentage depletion of 50% of the partnership taxable income from the mineral property under § 613 of the Internal Revenue Code the taxpayers did not make any allowance or deduction for the salary paid to Mr. Mallary. The Commissioner of Internal Revenue determined that the percentage depletion deduction allowable to the partnership must be reduced to the extent of 50% of the amount of salary paid to Mr. Mallary, to-wit, $10,000.00. So, the only issue to be decided by the Court is whether the percentage depletion allowance for the years 1958 and 1959 should be reduced as a result of reducing the partnership's taxable income from the property by the amount of the $20,000.00 salary paid by the partnership to E. Y. Mallary, Jr.

The parties have stipulated all of the facts above recited and the Plaintiffs have moved under the provisions of Rule 56 for summary judgment and the Defendant has likewise moved for a summary judgment in its favor as to all of the relief sought by the Plaintiff. It appears that no material issue of fact remains in the case and it is, therefore, appropriate that one or the other of the motions for summary judgment should be sustained.

The Court has had the benefit of briefs filed by counsel for both parties and all of the contentions therein expressed and argued have been considered, and upon consideration this Court is of the opinion that the motion of the Plaintiffs should be granted and the motion of the Defendant denied.

While Rule 52(a) of Federal Rules of Civil Procedure provides that findings of fact and conclusions of law are not necessary on decisions of motions under Rule 56, the Court nevertheless deems it appropriate in this instance to set forth some of the reasons which in its opinion require the grant of the motion of the Plaintiffs and the entry of a judgment for the Plaintiffs, since it appears that this may be a case of first impression.

It appears that prior to the years in question the Commissioner had deducted neither the guaranteed salary payment to Mr. Mallary nor the distributive shares to the other partners before applying the 50% limitation to the net income of the taxpayers for depletion purposes, and when such a construction has been operative over a period of time we would ordinarily presume it to be the correct one unless it clearly appears that there has been some statutory or regulatory change dictating a departure. The Commissioner urges the view that in the enactment of the various provisions of the 1954 Revenue Code the Congress gave basis for the different view which he now entertains. However, in this connection we are reminded that:

> "In the interpretation of statutes levying taxes their provisions are not to be extended by implication beyond the clear intent of the language used, and in case of doubt are to be construed most strongly against the Government and in favor of the taxpayer." Hecht v. Malley, 265 U.S. 144(4), 44 S.Ct. 462, 68 L.Ed. 949.

The depletion statute which is here involved provides that:

> "In the case of mines * * * the allowance for depletion * * * shall be the percentage * * * of the gross income from the property. * * * Such allowance shall not exceed 50 percent of the taxpayer's taxable income from the property * * *" § 613(a).

The phrase "taxpayer's taxable income" is new in the 1954 statute. Prior to 1954 the statute read "net income from the property". The House Report dealing with the 1954 Revenue Act said:

> "The phrase 'taxable income' has been used in section 613(a) because the term 'net income' has been eliminated from the new code and 'taxable income' substituted therefor. As used in section 613 the term,

'taxable income from the property' means the same as 'net income from the property'. * * * and no substantive change is intended by the change in language." Congressional and Administrative News, 83rd Congress, Second Session, p. 4323.

As has been noted, § 613(a) relates the percentage allowance to the "taxpayer's taxable income from the property", so the question with which we are immediately confronted is: who is the taxpayer? The Commissioner approaches this question as though the *partnership* is the taxpayer and urges that since the salary paid to Mr. Mallary is called a business deduction for partnership purposes it should then be eliminated before the application of the percentage depletion allowance.

Historically, partnerships have not been regarded as taxable entities and this Court is not persuaded that the Congress had the intention by the enactment of Chapter K of the 1954 Code of disturbing this long established rule. *Partners* (as distinguished from the partnership) always have been and still are the taxpayers. Indeed, in the Senate Report on the Internal Revenue Code of 1954, this statement appears:

> "Under the House and your committees' bill, as under present law, partners will be liable individually for income tax on their distributive share of partnership income. The partnership will act as a mere conduit as to income and loss items * * *" Congressional and Administrative News, 83rd Congress, Second Session 1954, p. 4722.

and the following appears in the House Report with reference to the 1954 Code:

> "Unlike the former section 181, it (Sec. 701) expressly states, rather than implies, that the partnership as such is not to be subject to the income tax." Congressional and Administrative News, 83rd Congress, Second Session 1954, p. 4361.

The payment of a salary to a partner is only one means by which partnership

income is distributed and in this instance the $20,000.00 salary paid to Mr. Mallary was simply a distribution of that much of the income derived from the property to him. The amount of income from the mining property (except for those purposes listed in § 707(c)) is not affected by the manner in which it is distributed among the partners. The income may be delivered to and divided among the partners in different ways and in different percentages, but the total income from the property does not vary. The partners are the taxpayers and all of the income is taxable to them in some fashion, and § 707(c), which relates to guaranteed payments, does not affect the application of § 613 to the income from the property.

We understand the Commissioner to contend that a salary paid to a partner should be treated the same way as a salary paid to an outsider who may be employed by the partnership, and that any such salary paid to a partner should not be considered as income derived from the partnership property. This contention seems to be contradicted, however, by the provisions of Form 1065, which is the form required to be used in making United States partnership income tax returns, which form on line 13 requires the partnership to set out all salaries and wages paid to *other than partners* and then on line 14 requires that there be set out payments to *partners* in the nature of salaries, etc. This is true with regard to the forms used in the years 1958 and 1959 as it is true today in the most recent partnership return forms. If there is no distinction it hardly seems reasonable that there would be a requirement for separation and, in fact, the reason for the separation appears when reference is made to Schedule K on the partnership form, which requires a showing of payments made to partners in the nature of salaries in order that the partners may be appropriately taxed thereon. Of course, since the partnership itself pays no taxes the fact that the salary to the partner is called a "deduction" is of no materiality taxwise. The partnership income from the property which is the source of the salary paid to the partner remains taxable to the partner because it is part of the "taxpayer's taxable income", which brings us full circle to the original premise that the partners are the taxpayers as distinguished from the partnership.

It is not controlling here, but it is nevertheless interesting to note that in Georgia when a partnership makes an income return the Georgia form specifically instructs the partnership not to list salaries paid to partners as deductible items in determining the partnership's net income. This fact is mentioned only as an indication of how widespread is the view that the payment of a salary to a partner is just one way of distributing the partnership income.

Further support for the views already expressed is found in the fact that § 179 of the Internal Revenue Code as it now exists was not enacted until 1958, this being the section which first made special allowance for first year depreciation for small businesses. Partnerships are not mentioned in this statute, but regulations applying to this section have been issued which recognize the principle that a partnership is not a taxpayer and providing that each partner is permitted to apply § 179 to his share of partnership property. See Regulations 1.179.2(d).

In the circumstances of this case it is clear that all of the partners, including Mr. Mallary, contributed capital to the partnership. In addition, Mallary contributed services. The purpose of the guaranteed salary was to distribute to him a larger share of the partnership income than was distributed to the other partners who made no such service contribution. This is a common arrangement among partners and it would seem inappropriate to deprive this working partner of the full benefit of the depletion allowance merely because distribution of income was not based strictly on capital contribution.

As indicated, and for the reasons stated, Plaintiffs' motion for summary judgment is granted and judgment will be entered accordingly.

It is so ordered.