472 P.2d 371

**William R. WILSON, Plaintiff-Appellant,**

**v.**

**ALBUQUERQUE BOARD OF REALTORS et al., Defendants-Appellees.**

**No. 8974.**

Supreme Court of New Mexico.

July 20, 1970.

William R. Wilson, pro se.

Modrall, Seymour, Sperling, Roehl & Harris, George T. Harris, Jr., Albuquerque, for defendants-appellees.

## OPINION

WATSON, Justice.

Appellant Wilson, the plaintiff below, a real estate broker in the city of Albuquerque, on several occasions sought membership in the Albuquerque Board of Realtors, the appellee here, in order to be able to participate in its Multiple Listing Service. On each occasion his application for membership was rejected. Thereafter, he brought this action to enjoin the corporate appellee and twelve individual defendants from continuing practices in restraint of trade (§§ 49-1-1 through 49-1-6, N.M.S.A., 1953 Comp.), and also sought damages for the alleged torts of concerted refusal to deal, interference with prospective advantage, libel, and prima facie tort. A dismissal was entered as to the individual defendants from which no appeal was taken.

Upon appellee's motion, based upon the pleadings and extensive depositions and in-

terrogatories, the trial court granted summary judgment against the appellant and dismissed the cause with prejudice. The motion for summary judgment sought dismissal on the sole ground that there was no issue of any material fact; the judgment does not so state, however, nor does it recite any reasons for the trial court's ruling. From the ruling of the trial court, Wilson prosecutes this appeal.

 No findings or conclusions were requested by the parties, nor were any made by the trial court. None are required by our rules. Shumate v. Hillis, 80 N.M. 308, 454 P.2d 965 (1969); § 21–1–1(52) (B) (a) (1), N.M.S.A., 1953 Comp., and see the same rule as amended October 1, 1969. Motions for summary judgments must be viewed in the light most favorable to the party opposing them. General Electric Credit Corporation v. Tidenberg, 78 N.M. 59, 428 P.2d 33 (1967); Harless v. Ewing, 80 N.M. 149, 452 P.2d 483 (Ct.App.1969). Where appellant claims, as here, that there are material issues of fact, he must apprise the trial court of them. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415 (1969); Rael v. American Estate Life Insurance Company, 79 N.M. 379, 444 P.2d 290 (1968). It must follow that he has no less of a burden here on appeal.

Although there were no grounds for the summary judgment set forth in the motion or in the judgment, defendant-appellee's amended answer presents one legal defense, viz., that the complaint does not state a cause of action; and two affirmative defenses, viz., that the action was barred by the statute of limitations, and that plaintiff waived any claim in writing. In addition, the affirmative defenses of truth, privilege, and favorable recommendation by the membership committee on the applications of 1964 and 1965 were set forth. There were, therefore, several grounds upon which the trial court could have granted summary judgment. No reason for granting it was given. So far as we know, the trial court did not review the facts. Its judgment simply states that it "considered arguments of counsel."

 Appellee contends that appellant has violated the following portions of Supreme Court Rule 15 [§ 21–2–1(15), N.M. S.A., 1953 Comp. (Supp. 1969)]:

"6. Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. * * * "

"14. The form and order of treatment of the brief in chief shall be:

" * * *

"(d) Argument and authorities on each point relied on."

"16. The statement of proceedings shall contain the following:

" * * *

"(c) Where appellant claims error by reason of refusal or failure of the Court to make a particular finding or findings, a concise summary of the facts which appellant urges should have been found, accompanied by references to the transcript showing requests for such findings."

Since no findings of fact are required on the entry of a summary judgment, subsection 16, above quoted, is not applicable. Subsection 6 would be applicable if the reason for the judgment were known. As to subsection 14, appellant did submit arguments and *one* authority on what he thought were the points upon which the trial court may have relied in granting the summary judgment.

Appellee states that the utter incomprehensibility of appellant's brief in chief made it impossible for him to adequately prepare his answer brief. Certainly appellant's compliance with subsection 14 is approaching the minimum. See Irwin v. Lamar, 74 N.M. 811, 399 P.2d 400 (1965).

There are many issues of fact presented by the complaint and answer, some of which may well depend upon the statements and depositions included in the 800 page transcript. Appellant's one authority is squarely in point and involves an almost identical situation. Grillo v. Bd. of Realtors of Plainfield Area, 91 N.J.Super. 202, 219 A.2d 635 (1966).

We are most reluctant to find any fatal violation of our rules on appellant's part under the circumstances. Can we expect a specification of error with opposing authorities where the reasons for the ruling are unknown? This problem in appeals from summary judgments is not new. 3 Barron and Holtzoff, Federal Practice and Procedure § 1242, at 202 (2d ed. 1958), states:

"The Supreme Court has stated that summary procedures, although salutary where issues are clear-cut and simple, present a treacherous record for deciding important issues on appeal. Kennedy v. Silas Mason Co., La.1948, 68 S.Ct. 1031, 334 U.S. 249, 92 L.Ed. 1347."

In the Kennedy case, the Supreme Court vacated the judgments and remanded the case for reconsideration and amplification of the record without intimating any conclusion on the merits. See also Carroll v. American Federation of Musicians, 35 F. R.D. 535 (S.D.N.Y.1964).

Our Rule 52(B) (a) (1), supra, was derived from the federal rule on the same subject. The federal rules do not require finding of fact or conclusions of law in summary judgments. Fed.Rules Civ.Proc. Rule 52(a), 28 U.S.C.A. The rule has so provided since its amendment in 1948. Even prior to the amendment, findings and conclusions were not necessary. Lindsey v. Leavy, 149 F.2d 899 (9th Cir. 1945). Many courts have, however, pointed out the desirability of having either findings or reasons for the ruling set forth as an aid to the trial court in arriving at its conclusion and to the appellate court in reviewing it. Dredge Corporation v. Penny, 338 F.2d 456 (9th Cir. 1964); Wehrle v. Brooks, 269 F.

Supp. 785 (W.D.N.C.1966), affirmed 379 F.2d 288 (4th Cir. 1967); Mallary v. United States, 238 F.Supp. 87 (M.D.Ga.1965); Park County Implement Co. v. Craig, 397 P.2d 800 (Wyo.1964).

In United States v. Continental Oil Co., 377 U.S. 161, 84 S.Ct. 1155, 12 L.Ed.2d 213 (1964), the Supreme Court, by per curiam opinion, reversed for trial on the merits an appeal of a summary judgment in an antitrust case with a 2,000 page record which had been rendered by the Federal District Court for New Mexico. In a separate memorandum, Justice Harlan pointed out the dilemma of the appellate court where neither an opinion nor findings or conclusions were available on an appeal from a summary judgment. There, the presiding district judge had died. Justice Harlan said:

"In these circumstances I believe that the proper course is to vacate the judgment below and remand the case to the District Court, with leave to the defendant to renew its motion for summary judgment before another district judge. The Court's action, which deprives the defendant of that opportunity, seems to me unwarranted. If summary judgment were again granted, the District Court would be expected to furnish a statement of its reasons, including such findings of fact and conclusions of law as might be appropriate." 377 U.S. at 162, 84 S.Ct. at 1156.

It would seem that the trial court should find, or at least state, in its judgment the prerequisite for its issuance, viz., that no genuine issue of any material fact has been presented and that the moving party is entitled to the judgment as a matter of law. Neff Instrument Corporation v. Cohu Electronics, Inc., 269 F.2d 668 (9th Cir. 1959). We question the fairness to appellee of reversing for trial on the merits when this is lacking, or because there is no explanatory statement showing why in its opinion none of the issues involved genuine issues of material fact as was done in Steiner v. Wertheimer, 250 F.2d 574 (6th Cir. 1957). Such procedure would deprive ap-

pellee of his right to a summary judgment if he is entitled to one, yet both he and the appellant must know upon what grounds the judgment was granted in order to properly present the controversial issue to the appellate court.

In appeals other than from summary judgments, where the ends of justice have required it, we have remanded to the trial court for necessary findings and conclusions to be incorporated in a supplemental transcript for use in the same appeal. Prater v. Holloway, 49 N.M. 353, 164 P.2d 378 (1945); see DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966). In Smith v. South, 59 N.M. 312, 283 P.2d 1073 (1955), we remanded with instructions to make findings and conclusions on one issue only. We pointed out that on appeal from the new decision only a supplemental transcript would be necessary under Supreme Court Rule 14(10) [§ 21–2–1(14) (10), N. M.S.A., 1953 Comp.]. However, the course of action we there followed will only be used in exceptional cases, where the parties and the court have overlooked findings on a material issue. Atma v. Munoz, 48 N.M. 114, 146 P.2d 631 (1944).

■ Here, where our rules of civil procedure do not require findings and conclusions on summary judgments (except where the case is not fully adjudicated, Rule 56(d) [§ 21–1–1(56) (d), N.M.S.A. 1953 Comp.]), we should not require them nor hold that a party is at fault by not requesting them. We do not say therefore that findings of fact and conclusions of law are required in summary judgment proceedings; however, we do hold that in involved cases where the reason for the summary judgment is not otherwise clearly apparent from the record, the trial court should state its reasons for granting it in a separate opinion or in a recital in the judgment. Appellant's brief in chief must point up the claimed error with reference to the trial court's reasons and present specific authorities on the point if available. In addition, if the claimed error is the court's failure to properly consider evidence of record at the time of the motion appellant must state in his brief the substance of all evidence bearing upon the proposition with proper reference to the transcript.

We remand this cause to the trial court without determination of the issues with leave to the defendant to renew its motion. If summary judgment is again granted, the trial court shall furnish a statement of its reasons. Costs of the appeal to date hereof will be shared equally by the parties hereto.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.