536 P.2d 257

Cash T. SKARDA, Plaintiff-Appellant,

v.

Lynell G. SKARDA, Individually and as Executor of the Estate of A. W. Skarda, Deceased, Langdon L. Skarda, Carolyn Ardery Skarda and the Citizens Bank of Clovis, New Mexico, Defendants-Appellees.

No. 9680.

Supreme Court of New Mexico.

May 28, 1975.

Shipley, Durrett, Conway & Sandenaw, Alamogordo, for plaintiff-appellant.

Grantham, Spann, Sanchez & Rager, Albuquerque, for defendants-appellees.

## OPINION

THOMAS A. DONNELLY, District Judge.

This action originated in the District Court of Curry County, New Mexico, where plaintiff (appellant) sought damages against the defendant, Lynell G. Skarda, both individually and as the executor of the estate of A. W. Skarda, deceased; and Langdon L. Skarda; Carolyn Ardery Skarda, and the Citizen's Bank of Clovis, New Mexico (defendants). From summary judgments granted in favor of each of the defendants, the plaintiff has taken this appeal.

Appellant's complaint set out twelve separate claims for relief and appellant prayed for a jury trial thereon. The various grounds upon which relief was sought were predicated upon allegations set out in the complaint and asserting that: (1) certain of the defendants wrongfully converted assets of decedent and the proceeds of a loan by decedent and procured the wrongful issuance of bank stock; (2) defendants Lynell G. Skarda and Langdon L. Skarda failed to account for assets of the decedent's estate and conspired to defraud appellant of his inheritance; (3) decedent owned an interest in a pension trust in defendant bank, which appellant claimed a right of inheritance; (4) appellant was wrongfully deprived of certain bank stock from decedent's estate; (5) the executor of the decedent's estate negligently failed to collect alleged assets of decedent's estate and negligently failed to discharge certain obligations of the estate; (6) appellant was fraudulently deprived of certain estate assets; (7) certain of the defendants conspired to deprive him of the value of his inheritance; (8) the appellant was entitled to an accounting of profits and certain assets of decedent's estate; (9) appellant was entitled to dam-

ages equal to one-third of the value of decedent's estate; (10) appellant was entitled to an award of damages from an alleged conspiracy to deprive the appellant of an interest in ranch property; (11) appellant was entitled to an accounting of certain real estate and that defendants should be ordered to convey an undivided one-third interest in a ranch to appellant; and (12) certain of the defendants claimed a wrongful offset and improperly refused to advance monies from the estate of decedent to the appellant.

The majority of the claims asserted by appellant in his complaint arose from the alleged mishandling of the administration of the estate of appellant's father by the executor of the estate.

Appellant's father, A. W. Skarda, died on December 13, 1967, leaving a last will and testament which named as beneficiaries the decedent's three surviving sons: Langdon L. Skarda, Lynell G. Skarda, and Cash T. Skarda. Decedent left no other surviving children and died a single man. Appellant's brother, Lynell G. Skarda, was named by the decedent as executor of his last will and testament.

Decedent's last will and testament was offered and duly admitted to probate in the Probate Court of Curry County, New Mexico. During the course of the probate proceedings, appellant also filed this suit in the District Court of Curry County, New Mexico, against his two brothers and the other named defendants herein. The district court granted summary judgment against appellant and this appeal was taken therefrom.

The motion for summary judgment raised nineteen separate grounds upon which the motion was based.

Appellant, after the filing of the complaint herein, sought to take the depositions of the defendants but the lower court entered a protective order preventing appellant from taking such depositions. Thereafter, appellant filed his affidavit in response to appellees' motion for summary judgment. On April 20, 1972, the lower court entered its order staying all further proceedings in the case.

Appellant's affidavit generally contained allegations similar to those matters pleaded in the plaintiff's complaint, and also asserted: "That each of the parties whose depositions were sought to be taken by the plaintiff in this action have personal knowledge which will support plaintiff's allegations in said complaint and that said testimony is not available to the plaintiff to be presented in affidavit form and can only be obtained under oath by the taking of said depositions under process issued by this court."

The same judge was designated to hear both the probate case and this suit. After concluding the probate proceedings in the district court, the court heard defendants' motion for summary judgment and granted it against appellant on each of the twelve counts.

On this appeal, the appellant has raised three separate contentions: (1) the trial court erred in granting summary judgment in that it did not state its reasons for granting the motion; (2) the trial court erred in holding that there are no material issues of fact; and (3) the trial court erred in granting summary judgment on the grounds set forth in the motion for summary judgment.

In its order granting summary judgment against the appellant, the trial court adopted the following finding of fact:

"Based on the pleadings, affidavits and instruments in the file, the Court finds there is no genuine issue of material fact as to the allegations of the Complaint."

This court held in Garrett v. Nissen Corporation, 84 N.M. 16, 498 P.2d 1359 (1972), that the trial court is not required to adopt a separate opinion or enter a recital in the record as to the exact grounds for the granting of a summary judgment beyond that required by Rule 56 of the Rules of Civil Procedure. In Garrett, the court held, in applicable part,:

" * * * We do not know why the district court made findings and conclusions

in the first but not in the second summary judgment. The court may have been endeavoring to comply with that portion of the decision in Wilson v. Albuquerque Board of Realtors, supra, wherein we stated:

'[I]n involved cases where the reason for the summary judgment is not otherwise clearly apparent from the record, the trial court should state its reasons for granting it in a separate opinion or in a recital in the judgment. * * *'

We no longer adhere to this position, and the decision of this court in Wilson v. Albuquerque Board of Realtors, supra, [81 N.M. 657, 472 P.2d 371 (1970)], insofar as it required the trial court to state reasons for granting a summary judgment in greater detail than as provided in Rule 56(c), supra, is hereby overruled." Id. at 18, 498 P.2d at 1361.

The trial court complied with the requirements of Rule 56(c) in framing its order granting summary judgment.

Appellant's second and third points raised on this appeal are considered jointly by us. A review of the complaint filed herein indicates that each of the twelve separate counts pleaded in plaintiff's complaint, with the exception of counts three and twelve, are claims which belong to the estate of A. W. Skarda, deceased, and these claims must be initiated by the executor of the estate if action is to be taken in respect thereto.

The probate code of New Mexico delineates the means by which a third party other than the executor or administrator may properly bring an action on behalf of the estate of decedent, if compliance is first obtained with the requirements of such statutory provision. Section 31–1–26, N. M.S.A.1953, sets out in part:

"* * * In the event any executor or administrator shall fail or refuse to institute any action at law or suit for the benefit of the estate which he represents, or for the benefit of any person or persons claiming to be interested therein, or shall fail or refuse to defend any suit or action affecting such estate or the rights of any person interested therein, the person or persons interested in such estate or whose rights may be affected by the failure of such executor or administrator, either to institute or defend any such action, * * *, and when an application has been made to the court for his removal for said reason or any other reason, any heir, legatee, creditor or other person interested in the said estate, may apply to the district court for an order allowing him or them to institute or defend any such suit in the name of such executor or administrator pending an application for the removal of such executor or administrator, and said court may order such executor or administrator to allow the use of his name in the prosecution or defense of such suit, * * *."

In the instant case, appellant did not petition the district court to remove the executor prior to filing of this suit. This court has previously held that the executor or administrator is the necessary party plaintiff to bring any action on behalf of the estate of a decedent. York v. American Nat. Bank of Silver City, N.M., 40 N.M. 123, 55 P.2d 737 (1936). In that case we held:

"Section 47–127 [which now appears as § 31–1–26, N.M.S.A.1953], supra, clearly sets forth when, and in whose name, actions or suits shall be brought for the benefit of the estate where the administrator refuses to act. The reason for such a provision in our law is obvious. An administrator or executor acts not only for all the heirs, but also the creditors of the estate. Payment to him is payment to one who acts as agent or trustee for all the creditors, heirs, distributees, or legatees, of the estate. In that manner a debtor of the estate, who pays a duly qualified administrator, is assured that other heirs, legatees, creditors, or distributees may not subsequently bring suit and demand payment of their distributive interest in the amount due from such debtor to the estate. The statute having given the administrator the right to sue, or upon the administrator's refusal to sue, the statute designates who may sue, which suit must be

in his name, then no one else has the right to bring the action until the administrator is discharged." id. at 125, 55 P.2d at 738.

■ As stated in York, the only way an action can be maintained by a third party on behalf of an estate is by conforming to the provisions of § 31–1–26, N.M.S.A.1953.

■ Since the appellant failed to seek or to obtain an order of the district court authorizing appellant to initiate suit upon behalf of the estate, we determine that the trial court correctly predicated its order granting summary judgment upon each of the counts of the complaint, excepting counts three and twelve. The latter two counts relate to claims which may be raised independently of any estate proceeding and in the name of the plaintiff without the requirement of being brought in the name of the executor of decedent's estate.

Appellees, however, assert that counts three and twelve of the complaint raise no genuine issue of law or fact, are subject to the legal defense of statute of frauds and are barred by the statute of limitations.

■ Count twelve of plaintiff's complaint asserts that the defendant bank, on an unspecified date in the year 1965, allegedly made a commitment to loan plaintiff and another party sufficient funds to purchase certain real estate, that the plaintiff and another, in reliance upon such commitment, purchased the real estate, and that the bank advanced sufficient funds for the initial down payment in the approximate sum of $35,000.00. Appellant asserted, however, that the defendant bank refused to advance other monies for each annual installment payment, and that the bank allegedly claimed an offset of $10,849.96 against funds belonging to the plaintiff on deposit with the bank for repayment of monies advanced plaintiff. Appellant further claimed that under such alleged agreement no payments were required of him upon the principal amount due until such time as the appellant sold such real estate.

Appellees assert that count twelve of appellant's complaint was barred by the statute of frauds and statute of limitations. We agree.

■ Agreements not to be performed within one year are within the statute of frauds and void. Jennings v. Ruidoso Racing Association, 79 N.M. 144, 441 P.2d 42 (1968). In Jennings, we observed:

"The pertinent portion of the fourth section of the English Statute of Frauds and Perjuries (29 Charles II, ch. III) has been adopted in New Mexico, Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R.2d 830. Section four reads:

'* * * no action shall be brought * * * * upon any agreement that is not to be performed within the space of one year from the making thereof; unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or some other person thereunto by him lawfully authorized.' " id. at 146, 441 P.2d at 44.

Appellant did not attach to his complaint any written instrument as required by Rule 9(k) of the Rules of Civil Procedure or plead any basis for the failure to so attach any such written instrument, which would remove the claim asserted by him in the twelfth cause of action from the defense of statute of frauds; nor has appellant asserted the existence of any such written instrument in his response to the appellees' motion for summary judgment. Moreover, appellant's twelfth cause of action appears on its face to be barred by the statute of limitations asserted by appellees in their motion for summary judgment.

Section 23–1–4, N.M.S.A.1953 provides that causes of action founded upon unwritten contracts or other causes of action not otherwise specifically provided for must be brought within four years of the date the claim originally accrued and not afterward. Appellant's complaint having been filed herein on December 13, 1971, it is obvious that more than four years have elaps-

ed since the date the cause of action alleged in count twelve initially accrued.

Since it is evident that the matters upon which appellant seeks relief under count twelve of his complaint were not reduced to writing or evidenced by some memorandum or note thereon, nor does it appear that the claim is subject to some matter which would remove the asserted cause of action from any defense of the statute of frauds, and it also appearing that such claim is barred by the statute of limitations raised by appellees, we conclude that the trial court properly granted summary judgment against appellant as to count twelve of the complaint herein.

Count three of the complaint filed by appellant alleged that decedent accumulated certain benefits in an employee's pension trust established by the Citizens Bank of Clovis, New Mexico, and that upon the death of decedent, appellant became entitled to a portion of such proceeds and that the defendant bank wrongfully claimed an offset as to the appellant's share thereof. A copy of an instrument purporting to have been. signed by decedent and directing that decedent receive a one-third interest in such pension trust fund was attached to plaintiff's complaint as an exhibit thereto.

Careful examination of the record herein fails to indicate any valid basis for granting summary judgment against appellant on the third count of his complaint.

Appellant filed suit herein on December 13, 1971, exactly four years from the date of decedent's death. Section 23–1–4, N.M.S.A.1953 sets out a general statute of limitations of four years for all actions not otherwise specified. The claim asserted in count three of appellant's complaint was timely filed within the four years required by Section 23–1–4, N.M.S.A.1953.

Section 1–2–2(G), N.M.S.A.1953 (Repl. Vol. 1, 1970) sets out

" * * *

G. In computing time, the first day shall be excluded and the last included unless the last falls on Sunday, in which case, the time prescribed shall be extended to include the whole of the following Monday;
* * *."

Applying the above statute, the statute of limitations would not bar the bringing of count three of the complaint herein, and such action would lie independently of any matters raised in the estate proceedings. After reviewing the record, it appears that a genuine issue of fact exists as to the contentions raised by count three of the complaint.

As stated in Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972), a party against whom summary judgment is asserted is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists as to any material fact in the case. We there quoted with approval from 3 Barron & Holtzoff, Federal Practice and Procedure, with Forms, § 1234 at 124–126 (Rev'd. by Wright 1958) :

"Though it has been said that summary judgment should not be granted if there is the 'slightest doubt' as to the facts, such statements are a rather misleading gloss on a rule which speaks in terms of 'genuine issue as to any material fact,' and would, if taken literally, mean that there could hardly ever be a summary judgment, for at least a slight doubt can be developed as to practically all things human. A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment." id. at 792, 498 P.2d at 679.

Where there have been shown to be factual conflicts in opposing affidavits, and where legal defenses do not clearly appear as a matter of law, summary judgment is not proper. Summers v. American Reliable Insurance Company, 85 N.M. 224, 511

P.2d 550 (1973); Johnson v. J. S. & H. Construction Co., 81 N.M. 42, 462 P.2d 627 (Ct.App.1969).

It follows that the cause should be reversed and remanded to the trial court with instructions that it be reinstated on the docket and that plaintiff be granted a trial upon the issues raised by count three of the complaint. The trial court's order granting summary judgment as to each of the other counts asserted in plaintiff's complaint is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, MONTOYA and MARTINEZ, JJ., concur.