571 P.2d 402

**AIR ENGINEERING COMPANY, INC.,**
Plaintiff-Appellee,

v.

**CORPORACION de la FONDA, INC.,**
Defendant-Third Party
Plaintiff-Appellant,

v.

**COHN–DANIEL CORPORATION,**
Third-Party Defendant.

No. 11372.

Supreme Court of New Mexico.

Oct. 26, 1977.

Rehearing Denied Nov. 23, 1977.

Keleher & McLeod, Russell Moore, Arthur O. Beach, Robert H. Clark, Albuquerque, for appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Peter J. Adang, Judy A. Fry, Toulouse, Krehbiel & DeLayo, James R. Toulouse, Albuquerque, for appellee.

Russell W. Ruud, Albuquerque, for third-party defendant.

## OPINION

SOSA, Justice.

This cause was commenced by Air Engineering against Corporacion de la Fonda in the District Court of Bernalillo County as an action to recover on a contract and for a declaratory judgment. La Fonda counterclaimed against Air Engineering for damages due to an alleged breach of the contract and also filed a third-party complaint against Cohn-Daniel to recover contract damages. Cohn-Daniel was later dismissed from the action since they had prevailed against La Fonda in an action filed by them in Texas. Thereafter, Air Engineering moved for summary judgment against La Fonda on the bases of the Texas decision and Air Engineering's unrebutted affidavits and depositions. This motion for summary judgment was granted and La Fonda now appeals contending, since there is a dissimilarity of parties, that res judicata and collateral estoppel are not applicable.

## FACTS

Pursuant to a contract, La Fonda hired Air Engineering to install an air conditioning and heating system in La Fonda's hotel. La Fonda also contracted with Cohn-Daniel to supervise the design and installation of

the system. Cohn-Daniel was required to inspect the work to insure that it was being installed in accordance with the contract specifications.

The work progressed normally and upon completion Cohn-Daniel accepted the work. It was alleged that the system functioned properly for the first year, but that thereafter major complications developed which caused the system to become inoperative. Due to the malfunctions, La Fonda refused to pay the remaining unpaid balances to Air Engineering and Cohn-Daniel.

Air Engineering Company, Inc. filed a complaint on August 16, 1973, alleging that it had performed its duties pursuant to the contract with La Fonda and that La Fonda still owed Air Engineering $585.13. The plaintiff also sought a declaration of its rights pursuant to § 22–6–1, N.M.S.A.1953, Ch. 143, § 1, 1935 N.M.Laws 348, *repealed* Ch. 340, § 16, 1975 N.M.Laws 2027.

La Fonda denied the allegations and counterclaimed for $200,000, alleging Air Engineering breached its contractual duties by installing equipment which suffered from numerous defects. La Fonda then filed a third-party claim against Cohn-Daniel for an alleged breach of contract due to the third-party defendant's accepting the final design and installation, which later had to be replaced by La Fonda.

Meanwhile, Cohn-Daniel had already commenced an action in Texas against La Fonda demanding payment of $7,300, which was the balance owed them for performance of their duties on the Cohn-Daniel/La Fonda contract. All proceedings in New Mexico were stayed pending the outcome of the Texas action.

In the Texas litigation the judge issued special interrogatories to the jury which were returned consistent with their finding for Cohn-Daniel. The primary finding was that La Fonda failed to perform proper maintenance of the air conditioning system subsequent to the completion of the work, and that such failure caused the damage suffered by La Fonda.

Thereafter, the district court in Bernalillo County granted Cohn-Daniel's motion to acknowledge the judgment of the Texas court and dismiss the action against them. Air Engineering then filed a motion, with affidavits and depositions in support thereof, requesting dismissal of La Fonda's counterclaim, or in the alternative the granting of a summary judgment against La Fonda. Air Engineering asserted as grounds that the same issues were tried in the Texas action and were decided against La Fonda and, therefore, the collateral estoppel doctrine mandated reaching the same result on those issues in this action. La Fonda never filed counter-affidavits, consequently Judge Franchini granted the motion. La Fonda is now appealing that judgment.

## CONTENTIONS

La Fonda urges, since Air Engineering was not a party to the Texas litigation, that an essential element to the traditional concept of collateral estoppel—mutuality—is lacking. They argued, therefore, that the trial court's summary judgment based on collateral estoppel was in error.

The appellees argue two points. First, they assert that the appellants completely ignore the judge's finding that there existed no genuine issue as to any material fact, and that such finding was due to La Fonda's refusing to file counter-affidavits to oppose Air Engineering's motion for summary judgment which was supported by affidavits and depositions. Secondly, in addressing the collateral estoppel issue, they argue that if the case is to be decided on this ground, they urge the court to recognize the modern view of the collateral estoppel doctrine as being the law in New Mexico. The modern view does not require the element of mutuality. The rationalization is that since the same issue was already tried previously by a similar party, the subsequent trial could produce a result inconsistent to the former trial regarding the same issue, unless the losing party is estopped from relitigating it.

SUMMARY JUDGMENT

█ Since La Fonda failed to counter the affidavits and depositions filed by Air Engineering, we do not reach their contention that, due to lack of mutuality, neither collateral estoppel nor res judicata have any application to them.

In order to show that there existed no genuine issue as to any material fact, Air Engineering supported its motion for summary judgment with depositions and affidavits which stated that the air conditioning and heating system was properly designed and installed; the system was functioning properly for the first year of its operation; La Fonda failed to properly maintain the system; and that such failure caused the system to malfunction.

As stated in *Southern Union Gas Co. v. Briner Rust Proofing Co.,* 65 N.M. 32, 40, 331 P.2d 531, 536 (1958),

> In summary judgment proceedings the burden rests upon the movant to show there is no genuine issue or material fact to submit to a fact finder, be it a court or jury. Nevertheless, an opposing party may not remain silent in the face of a meritorious showing by movant.

The Court went on to state that when the moving party demonstrates that no genuine issue as to a material fact exists as a matter of law the moving party is entitled to summary judgment and the opposing party cannot defeat the motion by a bare contention that an issue of fact exists. *E. g., Baca v. Britt,* 73 N.M. 1, 385 P.2d 61 (1963); *Srader v. Pecos Construction Company,* 71 N.M 320, 378 P.2d 364 (1963).

In *Cervantes v. Forbis,* 73 N.M. 445, 447, 389 P.2d 210, 212 (1964), *modified on other grounds, Goffe v. Pharmaseal,* 90 N.M. 753, 568 P.2d 589 (1977) Justice Moise pointed out that the

> plaintiff has a duty, when faced by the motion for summary judgment, to show the court that a fact issue is present. If the opposite party has sustained his burden to establish the absence of a fact issue, but there is available additional proof to the contrary, it is the duty of the party moved against to so apprise the court.

For the aforementioned reasons, we hold that it was incumbent upon La Fonda to counter the facts alleged by Air Engineering and that failure to do so prevents La Fonda from asserting that there is a genuine issue as to any material fact. Therefore, as a matter of law, it was proper to grant Air Engineering's motion for summary judgment.

The judgment of the trial court is therefore affirmed.

PAYNE, J., and N. RANDOLPH REESE, District Judge, concur.