590 P.2d 635

**Jane AKRE, Plaintiff-Appellant,**

v.

**Brian H. WASHBURN,
Defendant-Appellee.**

**No. 12020.**

Supreme Court of New Mexico.

Feb. 16, 1979.

Bruce C. Redd, Albuquerque, for plaintiff-appellant.

Nordhaus, Moses & Dunn, Thomas J. Dunn, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Chief Justice.

On October 13, 1977, plaintiff (appellant) filed her complaint alleging that on July 8, 1973, she gave defendant (appellee) $1200 for a half interest in land located in Santa Fe County and praying for a sale of the land with an equal division of the proceeds, or alternatively, for a judgment against appellee for $1200 plus interest. Appellant appeals from a summary judgment entered in favor of appellee. We affirm.

Appellant asserted in her complaint that, contrary to an agreement between them, appellee refused to deed appellant's interest in the land to her, or to return the $1200. Appellant claims that a partnership or joint venture was created between herself and appellee. Appellee denied any business dealings with appellant, denied that he owed her anything, and asserted the following affirmative defenses:

1. Complaint fails to state a cause of action upon which relief can be granted,
2. Improper venue,
3. Failure to join an indispensable party,
4. Lack of subject matter jurisdiction, and
5. Statute of Frauds.

On March 8, 1978, a hearing was held on appellee's motion for summary judgment. The Court ruled that the original answer did not contain the affirmative defense that the complaint was barred by the Statute of Limitations, but it allowed appellee to amend his answer to include this defense. A rehearing on appellee's motion for summary judgment was held on March 20, 1978. The motion was granted. Appellant contends that the court erred in granting summary judgment.

Appellant argues that because appellee denied each allegation of the complaint, each fact so pled is at issue. Appellee counters that summary judgment is properly granted where the record shows that there is no genuine issue as to any material fact. He argues that the Statute of Limitations bars appellant's claim because her complaint was filed over four years after the date the alleged agreement between the parties was entered into.

N.M.R. Civ. P. 56(c), N.M.S.A.1978 provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

N.M.R. Civ. P. 56(e), N.M.S.A.1978 provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Our courts use the following rules to determine whether an issue of fact exists in a summary judgment proceeding:

(1) A summary judgment proceeding is not to decide an issue of fact, but, rather, to determine whether one exists.

(2) Summary judgment can be granted only where the record shows there is no genuine issue as to any material fact.

(3) The party opposing the motion for summary judgment must be given the benefit of all reasonable doubts in determining whether an issue of fact exists.

(4) Summary judgment can be granted only where the moving party is entitled to the judgment as a matter of law, upon clear and undisputed facts.

(5) Summary judgment proceedings must not be used as a substitute for trial. (Citations omitted.)

*First Nat. Bk., Albuquerque v. Nor-Am Agr. Prod., Inc.,* 88 N.M. 74, 80, 537 P.2d 682, 688 (Ct.App.1975), *cert. denied,* 88 N.M. 29, 536 P.2d 1085 (1975). *See also Withrow v. Woozencraft,* 90 N.M. 48, 559 P.2d 425 (Ct.App.1976), *cert. denied,* 90 N.M. 255, 561 P.2d 1348 (1977).

■ In a summary judgment proceeding, the burden is on the moving party to show that there is no genuine issue of material fact to submit to the fact finder, and an opposing party may not remain silent in the face of a meritorious showing by the moving party. *Southern Union Gas Co. v. Briner Rust Proofing Co.,* 65 N.M. 32, 40, 331 P.2d 531, 536 (1958). We have recently stated:

[W]hen the moving party demonstrates that no genuine issue as to a material fact exists as a matter of law the moving

party is entitled to summary judgment and the opposing party cannot defeat the motion by a bare contention that an issue of fact exists. (Citations omitted.)

*Air Engineering v. Corporacion de la Fonda,* 91 N.M. 135, 137, 571 P.2d 402, 404 (1977). *See also* 73 Am.Jur.2d *Summary Judgment* § 22 (1974).

The record below shows that appellant delivered a $1200 check to appellee on July 8, 1973. Her complaint was filed on October 13, 1977. Appellant nowhere disputes the fact that over four years have lapsed since she delivered the check to appellee.

■ Sections 37–1–1 and 4, N.M.S.A. 1978 (formerly §§ 23–1–1 and 4, N.M.S.A. 1953) provide that an action for accounts and unwritten contracts may be brought within four years after the cause of action accrues. We have previously stated that where there is no specified time for the payment of loans, the action accrues upon the date of such loan. *Gentry v. Gentry,* 59 N.M. 395, 399, 285 P.2d 503, 506 (1955). We find that § 37–1–4 applies to this case. The Statute of Limitations began to run on the alleged demand obligation on the date it was contracted, July 8, 1973. Thus, appellant's cause of action is barred by the applicable Statute of Limitations. Because we find that summary judgment was properly granted, we do not reach the issue of whether the alleged agreement between the parties as constituting a joint venture falls within the Statute of Frauds.

Appellant asks that should the judgment not be reversed, the cause be remanded with instructions to the trial court to furnish her with a statement of its reasons for granting summary judgment. Appellant relies on *Wilson v. Albuquerque Board of Realtors,* 81 N.M. 657, 472 P.2d 371 (1970). In *Wilson,* no grounds for granting summary judgment were set forth in the motion or in the judgment. That case involved an 800-page transcript and the reason for granting summary judgment was not clearly apparent from the record. We stated:

We do not say therefore that findings of fact and conclusions of law are required

490

in summary judgment proceedings; however, we do hold that in involved cases where the reason for the summary judgment is not otherwise clearly apparent from the record, the trial court should state its reasons for granting it in a separate opinion or in a recital in the judgment.

*Id.* at 661, 472 P.2d at 375.

In *Garrett v. Nissen Corporation*, 84 N.M. 16, 498 P.2d 1359, (1972), the only pertinent finding by the trial court was that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. We said this is all that is required of the trial court under Rule 56(c). The trial court is not required to adopt a separate opinion or to enter a recital in the record as to the exact grounds for granting summary judgment beyond the requirements of Rule 56. We said:

> [T]he decision of this court in *Wilson v. Albuquerque Board of Realtors,* supra, insofar as it required the trial court to state reasons for granting a summary judgment in greater detail than as provided in Rule 56(c), supra, is hereby overruled.

*Id.* at 18, 498 P.2d at 1361. *See also Skarda v. Skarda,* 87 N.M. 497, 536 P.2d 257 (1975). In this case, the court made no finding that there was no genuine issue of material fact nor did it state any reasons for its ruling. It is apparent from the record, which is only thirty-two pages long, that the court granted summary judgment because it considered the action was barred by the Statute of Limitations. The question arises whether the court erred in failing to specifically find, and so state in its order, that there was no genuine issues as to any material fact in granting appellee's motion for summary judgment. Under the circumstances of this case, where it is clearly apparent that summary judgment was granted because the action was time-barred, we find no error. We affirm the decision of the lower court granting summary judgment in favor of appellee.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.