**Jay F. SWANSON, Plaintiff-Appellant,**

v.

**Stan LEVY, Defendant-Appellee.**

**No. 73–2657.**

United States Court of Appeals,
Ninth Circuit.

Jan. 22, 1975.

Richard C. Brautigam (argued), McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for plaintiff-appellant.

Yale H. Smulyan (argued), San Francisco, Cal., for defendant-appellee.

Before CHOY and SNEED, Circuit Judges, and LANE,* Judge.

## OPINION

LANE, Judge:

This case involves an action by appellant to recover monies paid in discharging appellee's debt upon appellee's de-fault in the repayment thereof. Appellant and appellant's brother employed appellee to establish a chain of restaurants. Appellant's brother in a personal letter dated April 16, 1969 confirmed appellee's employment. Appellee was principally employed by a corporation called "Johnny's American Inn, Inc." and also known as "Here's Johnny's." In December 1969 appellant guaranteed a personal loan installment note for appellee. The parties arranged to repay the note from payroll deductions from appellee's salary. Appellant, acting for "Johnny's American Inn, Inc.," advised appellee by letter of January 28, 1970 that in the absence of a definite plan for corporate financ-ing, appellee's salary was to be "furloughed." By the express terms of this letter, the "furlough" was not an act of termination of employment but rather a temporary measure of economy. The letter requested appellee to continue to seek corporate financing from investors, and appellee did so. Appellant's attorney advised appellee by letter of April 15, 1970 that appellee was no longer authorized to represent the corporation, *appellant or appellant's brother.* Appellee replied that as he had continued to work without salary since February 1970 he was unable to pay the personal loan installment note, and requested appellant to honor the indebtness, and appellant did so.

Appellant then brought this action seeking reimbursement and appellee filed a counterclaim seeking damages for breach of a contract of employment. Both parties offered testimony. At the close of the trial, the district court rendered its oral decision that the appellant take nothing by his claim and the appellee take nothing by his counterclaim. The parties waived Findings of Fact and Conclusions of Law, and none are present in the record.

### I.

 Rule 52, Fed.R.Civ.P. requires the district court to make findings of fact and conclusions of law in all actions

* Honorable Donald E. Lane, Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

tried upon the facts without a jury. The Rule applies to any civil action tried without a jury, subject to limitations stated in Rule 81 and not present here. One purpose of requiring findings of fact is to aid this court by affording it a clear understanding of the basis of decision of the district court. United States v. Continental Oil Co., 377 U.S. 161, 162, 84 S.Ct. 1155, 12 L.Ed.2d 213 (1964), separate memorandum of Harlan, J. The requirement that the district court find the facts specially and state separately its conclusions of law must be fairly observed and may not be waived by the parties. Waialua Agr. Co. v. Maneja, 178 F.2d 603, 606–607 (9th Cir. 1949). When there is a failure to make the necessary findings this court will not dismiss the appeal, but ordinarily vacates the judgment and remands the case to the district court. Irish v. United States, 225 F.2d 3 (9th Cir. 1955). But a failure to make the necessary findings does not require remand if a complete understanding of the issues may be had without the aid of separate findings. United States v. Hudspeth, 384 F.2d 683, 686 (9th Cir. 1967). We think that a complete understanding of the issues herein may be had from the record on appeal. Remand of the case to the district court is therefore unnecessary. Riess v. Murchison, 384 F.2d 727, 736 (9th Cir. 1967).

## II.

■ The question presented for review is whether there is substantial evidence to sustain the judgment of the district court. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. National Labor Relations Board v. Columbia Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939). Thus if reasonable men may differ fairly as to whether certain evidence establishes a fact in issue, substantial evidence exists.

■■ Appellant argues that appellee is not entitled to a setoff in a contract *implied in law* (quasi-contract) where the record is alleged to contain: (1) no evidence that anyone benefited from appellee's services; (2) no evidence of the value of appellee's services; and (3) no evidence that appellant (as opposed to Johnny's American Inn, Inc.) received any benefit from appellee's services. The fundamental defect in appellant's argument is that the facts of this case fairly demonstrate an *express* contract, a contract which arose out of the expressed intention of the parties. There is ample evidence of record from which the district court could have found the following: appellee was employed under an express contract prior to appellant's letter of January 28, 1970; appellant's letter of January 28, 1970 did not purport to terminate this express contract; the express contract was terminated by the letter of April 15, 1970 from appellant's attorney; and appellee's damages by reason of the "furlough" of his salary and his efforts during the period of the "furlough" to seek corporate financing from investors were substantially equal to the value of appellant's claim. An action does not lie on an implied contract where there exists between the parties a valid express contract which covers the same subject matter. Rogers v. American President Lines, Ltd., 291 F.2d 740, 742 (9th Cir. 1961). In our view of the case there is substantial evidence from which the district court could have found a valid express contract which covers the subject matter in dispute. We now consider whether from the evidence of record appellant could be a party to this express contract.

## III.

■■ Although a corporation and its shareholders are deemed separate entities for most purposes, the corporate form may be disregarded and the substance of the action dealt with in the interests of justice. Bangor Punta Operations v. Bangor & Aroostook R.R., 417 U.S. 703, 94 S.Ct. 2578, 2584, 41 L.Ed.2d 418 (1974). This court has noted that the question of whether piercing the corporate veil would be proper for the purpose intended is rarely articulated with

any clarity. In principle, however, the disregarding of the corporate form of business should not rest on the manner of doing business in general, but should rest on the effect that the manner of doing business has on the particular transaction involved. Plumbers & Fitters, Local 761 v. Matt J. Zaich Const. Co., 418 F.2d 1054, 1058 (9th Cir. 1969).

Appellant argues that appellee's efforts were to find financing for Johnny's American Inn, Inc. and therefore that any benefit resulting from appellee's efforts accrued to that corporation *alone,* and not to the appellant. We have carefully considered appellant's argument and we are not persuaded to hold that the evidence *compelled* the finding for which the appellant contends. As we have discussed above there is evidence of record from which the district court could have found that the appellee represented the appellant as well as the corporate entity during the period in question. The district court after hearing the testimony of the parties reached a conclusion which we refuse to disturb. Cf. In re Black Ranches, Inc., 362 F.2d 19, 35 (8th Cir. 1966).

The judgment of the district court is affirmed.