**RICHMOND ELKS HALL ASSOCIATION, a California corporation, Plaintiff-Appellee,**

v.

**RICHMOND REDEVELOPMENT AGENCY, Defendant-Appellant.**

**No. 77–2594.**

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1979.

384

William R. Edgar, Fitzgerald, Berg & Edgar, Burlingame, Cal., for defendant-appellant.

Ronald J. Mulcare, Turner & Mulcare, San Mateo, Cal., argued for plaintiff-appellee; Jeffrey D. Polisner, Bold & Polisner, Walnut Creek, Cal., Turner, Mulcare & Whitaker, San Mateo, Cal., Jackson & Gughemetti, Burlingame, Cal., on the brief.

Before ANDERSON and HUG, Circuit Judges, and PORT,* Senior District Judge.

J. BLAINE ANDERSON, Circuit Judge:

The Richmond Redevelopment Agency (Agency) appeals an award to the Richmond Elks Hall Association (Elks) of litigation expenses arising from an inverse condemnation action which Elks successfully prosecuted against the Agency in 1974. On appeal, we affirmed the judgment awarding compensation to Elks, and also affirmed against Elks' cross-appeal a denial of litigation expenses. *Richmond Elks Hall Association v. Richmond Redevelopment Agency*, 561 F.2d 1327 (9th Cir. 1977) (*Elks I*). In the present appeal, we reverse on the basis of *Elks I* the award of litigation expenses.

## I. BACKGROUND

In 1966, the City of Richmond, California, undertook an urban renewal project to be funded at least partially by a loan and grant from the United States Urban Renewal Administration (now the Department of Housing and Urban Development, H.U.D.). As a result of the project, Elks brought an inverse condemnation action against the Agency in federal district court, and was awarded $472,908.08 as compensation for the taking of the real property located in the project area. The Agency's appeal from that decision and Elks' cross-

---

* The Honorable Edmund Port, Senior United States District Judge, Northern District of New York, sitting by designation.

appeal from the court's refusal to award litigation expenses were promptly filed.

In 1972, HUD and the Agency had amended the original loan and grant agreement to obligate the Agency to reimburse persons displaced by the project for their relocation expenses under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 84 Stat. 1894, Pub. L. 91–646, 42 U.S.C. § 4601, *et seq.* While the Act generally provides for the payment of relocation expenses to persons displaced from their homes or businesses as a result of Federal programs, Section 305 (42 U.S.C. § 4655) provides in substance that the head of a Federal agency shall not approve any grant to a state program involving the acquisition of real property on or after January 2, 1971, unless the appropriate state agency first gives assurances that it will comply with the compensation provisions of the Act applicable to Federal agencies.[1] Section 304 (42 U.S.C. § 4654), which imposes upon Federal agencies the obligation to pay the litigation expenses of successful private litigants in condemnation actions, is thereby applicable to state agencies that give assurances pursuant to Section 305, and was expressly applicable to the Agency in this case.

On August 18, 1975, with the appeal and cross-appeal in *Elks I* still pending before this court, Elks filed a claim for litigation expenses with the Agency pursuant to 24 C.F.R. § 42.145(a)(3),[2] the regulation implementing in part Section 305 of the Relocation Act. When the Agency failed to act on the claim, Elks filed the instant action for litigation expenses in January 1976. In its complaint, Elks alleged that it was entitled to litigation expenses both on the basis of 24 C.F.R. § 42.145(a)(3) (First Cause of Action), and on the ground that it was a third-party beneficiary to the Section 305 agreement between the Agency and HUD (Second Cause of Action). On June 2, 1977, the district court entered judgment in favor of Elks in the amount of $85,374.25 on both the First and Second Causes of Action.

On September 30, 1977, this court affirmed the district court's award in *Elks I*, and also affirmed the denial of litigation expenses there. Agency's notice of appeal in the present case was timely filed.

## II. *DISCUSSION*

### A. *Conclusions of Law*

We note an initial problem arising from an apparent inconsistency between the district court's Conclusions of Law and the Judgment entered. In Conclusion of Law No. 14, the court stated that it expressed ". . . no opinion on the legal sufficiency of plaintiff's second cause of action [third-party beneficiary]." Yet, in the Judgment the court clearly based its award on both the First and Second Causes of Action.

■ While the usual course in cases where findings of fact and conclusions of law do not support the judgment is to vacate and remand for further findings, it is not necessary to do so where a complete

---

1. Section 305 reads as follows:

    "Notwithstanding any other law, the head of a Federal agency shall not approve any program or project or any grant to, or contract or agreement with, a State agency under which Federal financial assistance will be available to pay all or part of the cost of any program or project which will result in the acquisition of real property on and after January 2, 1971, unless he receives satisfactory assurances from such State agency that—
      "(1) in acquiring real property it will be guided, to the greatest extent practicable under State law, by the land acquisition policies in section 4651 of this title and the provisions of section 4652 of this title, and

      "(2) property owners will be paid or reimbursed for necessary expenses as specified in sections 4653 and 4654 of this title."
    42 U.S.C. § 4655 (1970).

2. The regulation reads as follows:
      "(a) *General.* The State agency shall reimburse the owner of any real property for the owner's reasonable costs, disbursements, and expenses of litigation, including attorney, appraisal, and engineering fees, actually incurred because of condemnation proceedings if:
      "(3) A court of competent jurisdiction renders a judgment in favor of the owner as plaintiff in an inverse condemnation proceeding or the State agency effects a settlement of such proceeding."

understanding of the issues may be had by the appellate court without the necessity of separate findings. *See Swanson v. Levy,* 509 F.2d 859, 861 (9th Cir. 1975). The record in this case provides us with a sufficient understanding of the issues to proceed without the necessity of a remand for clarification.

B. *The Impact of Elks I*

▇ Among the arguments advanced by Elks in *Elks I* to support its claim for litigation expenses was its assertion that Section 305 of the Relocation Act mandated such an award. Our response to that argument is critical to the issues in the present appeal. We held that:

"The approval by HUD of the instant project, including its funding, was given on August 15, 1966. The district court specifically found that the taking of Elks' property occurred on July 23, 1968. Further, HUD funds were withdrawn from the project on December 23, 1969. *Each of these events preceded the effective date of the Act, which is January 2, 1971. Section 305 and 24 C.F.R. § 42.145(a) deal with 'acquisition[s] of real property on and after' January 2, 1971.* Elks' property was acquired several years before this date. Therefore, to the extent that these sections create a statutory right to litigation expenses, a point that is debatable and not addressed here, we hold that they do not create a right to such expenses in this case." [Emphasis added.]

561 F.2d 1327, 1333.

Elks has argued that *Elks I* is not *res judicata* on the issue of a right to litigation expenses under 24 C.F.R. § 42.145(a) because the regulation employs a post-judgment filing procedure which was not before the court, and which could not have been raised in that appeal. We need not reach the *res judicata* issue because the principles of law of the case and *stare decisis*, both clearly applicable, are sufficient to dispose of the issues.

In the face of a clear holding that Section 305 cannot apply retroactively to pre-1971 acquisitions, we have no choice but to conclude that 24 C.F.R. § 42.145(a), the implementing regulation, is similarly inapplicable. We so held, at least by way of dictum, in *Elks I,* and we affirm that holding here. The award of litigation expenses on Elks' first cause of action must, therefore, be reversed. We underscore our *caveat* in *Elks I* that any statutory right to litigation expenses under Section 305 and 24 C.F.R. § 42.145(a) is an open and unsettled issue.

Our *Elks I* holding that Section 305 does not apply retroactively also requires reversal of the judgment below on Elks' third-party beneficiary claim. The authority of the Secretary of HUD to enter into the amended agreement with the Agency in 1972 was defined by Section 305. The pertinent language in the amendment adopted verbatim certain language in Section 305. Even if we were to find that Elks had standing to sue under the agreement, another debatable point which we do not reach, we must deny recovery for any pre-1971 acquisition. It is the law of the case that Elks' property was acquired prior to 1971. Because the Secretary had no authority to enter into an agreement covering the acquisition on Elks' property, we must reverse the judgment on Elks' second cause of action.

III. *CONCLUSION*

The judgment of the district court awarding plaintiff Richmond Elks its litigation expenses from a prior inverse condemnation action is

REVERSED.