the notice or knowledge required to be shown under 11 U.S.C. § 21(a)(3).

In conclusion, the district court found that even if certain judgments of the state court are valid as against Mrs. Paul, the value of her land (unencumbered by the $32,869.79 debt) far exceeds the deficiency on those judgments and, thus, she is solvent.

On appeal, Hammerschmidt Lumber again argues that Mrs. Paul failed to overcome presumptions of validity regarding notarized signatures and sheriff's returns. It is also argued that Mr. Paul had "apparent authority" to execute instruments on behalf of Mrs. Paul. A similar claim was clearly rejected by the Arkansas courts in *Security Bank of Harrison v. Paul*, 594 S.W.2d 259, 260–61 (Ark.App.1980).

We have studied the record, including the opinions of the district court and bankruptcy court and the briefs of the parties to this action. We find no merit to appellant's arguments, and accordingly affirm pursuant to Rule 14 of the Rules of this court on the basis of the district court's opinion.

## LUMBERMEN'S UNDERWRITING ALLIANCE, a foreign corporation, Plaintiff-Appellee,

v.

## CAN–CAR, INC., a foreign corporation, a division of Hawker Siddeley Canada, Ltd., Defendant-Appellant.

No. 78–3690.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 1980.

Decided Dec. 1, 1980.

Michael A. Beale, Jennings, Strouss & Salmon, Phoenix, Ariz., for defendant-appellant.

Theodore Matz, Matz & Jurowitz, Phoenix, Ariz., for plaintiff-appellee.

Before ANDERSON and POOLE, Circuit Judges, and WOLLENBERG *, District Judge.

PER CURIAM:

In September 1974, a C7D tree farming machine owned by Southwest Forest Industries sustained fire damage in the amount of $17,648.15. The C7D was manufactured

* The Honorable Albert C. Wollenberg, Senior United States District Judge, Northern District of California, sitting by designation.

by Hawker Siddeley Canada, Ltd., and sold by its wholly-owned subsidiary, Can-Car, Inc. Pursuant to a subrogation clause in an insurance contract between Southwest Forest Industries and LUA (Lumbermen's Underwriting Alliance), the claim against Can-Car was assigned to LUA. This products liability action was initiated by LUA seeking recovery for the loss based on the theories of negligent design or manufacture, and breach of express or implied warranties.

It is undisputed that the fire resulted from an accumulation of pine needles, wood chips, and other combustible materials around the moving parts housed in the belly pan of the C7D. As the material became compressed against the moving parts, heat was generated which eventually ignited the accumulated debris. The controversy, therefore, centered around the question of who was responsible for the accumulation of debris in the belly pan.

LUA contended that the accumulation resulted because the design of the C7D precluded reasonable access to the belly pan for inspection, maintenance, and removal of debris in the exercise of ordinary and routine procedures. LUA does not argue, nor does the evidence establish, that removal of the debris was impossible. Rather, it attempted to prove that removal of the debris was unreasonably difficult. Can-Car contended that reasonable access to the belly pan was afforded. It attempted to prove that the accumulation of debris in the belly pan was a known hazard, and that the fire resulted from the owner-operator's failure to exercise reasonable and necessary procedures for the removal of accumulated debris.

■ The district court held Can-Car liable, finding that the negligent design of the belly pan of the C7D was the proximate cause of the resulting loss. It ordered LUA's counsel to prepare and submit proposed findings of fact and conclusions of law. It appears from the record, and was conceded by counsel during oral argument, that the trial court mechanically adopted the findings and conclusions as prepared by

the victorious party. We take this opportunity to stress that this practice has been disapproved by this court. *Industrial Building Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336, 1339 (9th Cir. 1970).

On appeal Can-Car contends that (1) the findings of fact as required by Rule 52(a), Fed.R.Civ.P., are inadequate; (2) the district court erroneously concluded that the C7D was negligently designed; and (3) the district court erroneously concluded that the damages were proximately caused by the negligent design. We agree with Can-Car's first contention.

At least one purpose for requiring findings of fact is "to aid this court by affording it a clear understanding of the basis of decision of the district court." *Swanson v. Levy,* 509 F.2d 859, 861 (9th Cir. 1975). Therefore, we have held that findings of fact must be sufficiently comprehensive and pertinent to the issues to provide a basis for the decision. *Magna Weld Sales Co., Inc. v. Magna Alloys and Research Pty. Limited,* 545 F.2d 668, 671 (9th Cir. 1976); *Carr v. Yokohama Specie Bank, Limited,* 200 F.2d 251, 255 (9th Cir. 1952).

■ In this case, the crucial findings and conclusions consist solely of two brief statements:

"The Court further finds as a fact that the fire damage herein was proximately caused as a result of the negligent design of the belly pan of the C-7D Can-Car tree farmer.

"The Court further finds that the design fault could have been easily cured and remedied at a nominal cost and that the Defendant was negligent in not properly designing the belly pan herein." (Record at 159)

These conclusory findings simply do not meet the standards enunciated above.

We think this case must be remanded for additional and more detailed findings and conclusions. While the record raises serious questions regarding the issues of negligence and causation under the applicable law, we are unwilling to express a view on those issues without first giving careful consider-

ation to the district court's assessment of the facts as clarified in accordance with this decision. Therefore, the judgment is vacated and the case remanded for additional and more detailed findings and conclusions. A new judgment should be entered, and if an appeal is again taken, it shall be referred to this panel.

IT IS SO ORDERED.