**INFUSAID CORPORATION and Metal Bellows Corp., Plaintiffs, Appellants,**

v.

**INTERMEDICS INFUSAID, INC., and Intermedics, Inc., Defendants, Appellees.**

No. 84–1804.

United States Court of Appeals, First Circuit.

Argued Dec. 5, 1984.

Decided Feb. 28, 1985.

Harvey E. Bines, Boston, Mass., with whom Louis A. Rodrigues, Margaret H. Raymond, Cynthia M. Clarke and Sullivan & Worcester, Boston, Mass., were on brief, for appellants.

Edwin A. McCabe, Boston, Mass., with whom Sydelle Pittas and McCabe, Gordon, P.C., Boston, Mass., were on brief, for appellees.

Before CAMPBELL, Chief Judge, and COFFIN and BREYER, Circuit Judges.

BREYER, Circuit Judge.

This appeal concerns a remedial order that the district court entered after our decision in *Infusaid Corporation v. Intermedics Infusaid, Inc.*, 739 F.2d 661 (1st Cir.1984). That case arose out of claims of each of two parties to a joint venture agreement that the other had breached the agreement. We held, in essence, that both had violated the agreement, but that Intermedics' violation was minor and technical, while Infusaid Corp.'s was major and important. In respect to remedy, we noted that the parties had agreed to treat the venture as a partnership. We quoted with approval the statement of Infusaid Corp.'s counsel at oral argument that

> [t]he innocent partner has the right to damages for the breach of the partnership contract up to and including delivery of the partnership assets and the right to carry on the partnership business.

*Id.* at 670. We suggested that the district court, as a possible remedy, could award Intermedics, the innocent partner, the right to carry on the venture's business, though Intermedics would then have to pay Infusaid Corp. the value of its interest less (goodwill and) damages. *Id.* *See* Mass. Gen.Laws ch. 108A, § 38(2).

On remand, the district court followed this suggestion and entered an injunction giving Intermedics control of the venture's assets. It also required Intermedics to post a $5 million bond to secure the value of Infusaid Corp.'s rights to payment, pending further hearings to determine that value. Infusaid Corp. now challenges the district court's order on several grounds.

■ First, Infusaid Corp. claims that the entire injunction is invalid because the district court did not issue separate findings of fact and conclusions of law. Fed.R. Civ.P. 52(a). The record makes clear and obvious, however, that the district court issued the injunction in response to this court's statement that such an injunction would constitute appropriate legal relief in respect to the legal wrongs set forth in our opinion. There was no further factual issue for decision in respect to the general question of appropriate relief. Moreover, given the record before us, further factual or legal findings about why the district court entered this type of relief would not help us on review. Therefore, Rule 52(a) findings are not legally required. *Boston & Maine Corp. v. First National Bank of Boston*, 618 F.2d 137, 143 (1st Cir.1980); *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir.1975).

■ Second, Infusaid Corp.'s more significant objections focus upon key language in the court's order, specifically that of paragraph 7 of the injunction, which prohibits Infusaid Corp. from interfering with Intermedics' right to take possession of

> all assets, real, personal, or mixed, tangible or intangible, wherever situated, now or at any time involved in conducting any aspect of the business of the joint venture.

Infusaid Corp.'s objections to this language come down to the claim that it is overly broad, potentially entitling Intermedics to certain assets that, under the basic venture agreement, belong to Infusaid Corp., not to the venture. Infusaid Corp. does not, however, suggest other general language, better suited to the task of giving Intermedics the venture's assets. Rather, it simply objects to the potential inclusion of certain specific items that it claims as its own. Infusaid Corp. adds that the ambiguity of the order means that it will render itself liable to contempt proceedings if it exercises various rights to which it is entitled (such as exercising certain patent rights).

Infusaid Corp.'s worry about contempt proceedings is overstated, however, for, when in doubt about the lawfulness of a proposed course of action, it can ask the district court for guidance about whether, say, its use of assets or technology will violate the injunction. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192, 69 S.Ct. 497, 500, 93 L.Ed. 599 (1949). Moreover, the district court can decide specific

disputes about individual assets. When asked to resolve an individual dispute about the inclusion of specific items, the court can consider the merits, decide which party is correct, and support its conclusions with appropriate findings. In the unlikely event that meritorious disputes threaten to become complex or if they arise with frequency, the court is free to appoint a master, or with the consent of the parties, it can refer the matter to a magistrate. Fed.R.Civ.P. 53(b). *Cf. MCI Communications v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1169 n. 125 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983). *See generally,* Kaufman, *Masters in the Federal Courts: Rule 53,* 58 Colum.L.Rev. 452, 458 (1958).

■ Third, Infusaid Corp. argues that the $5 million bond that the district court required as a guarantee that it will receive the value of its interest (less damages) is too low. *See* Mass.Gen.Laws ch. 108A, § 38(2)(b) (conditioning the transfer of the business upon providing a bond to secure the payment of the value of the interest of the party who wrongfully dissolved the venture). Here, contrary to our view of the injunctive order considered as a whole, we believe further specific district court findings are needed. We cannot tell from the record how the district court arrived at the $5 million figure.

On the one hand, the court's decision may reflect the court's response to the parties' arguments about the likely value of Infusaid Corp.'s interest. Intermedics has a plausible argument that (without goodwill) this interest is unlikely to exceed $5 million, at least after it subtracts the damage that Infusaid Corp.'s breach caused Intermedics. But Infusaid Corp. also has a plausible argument to the contrary. Under the original agreement Intermedics had an option to buy Infusaid Corp.'s share in 1985 for $30 million—an option that the district court's original findings in this case suggest that Intermedics was likely to exercise. How could such an interest be worth so much less three years earlier? Although Massachusetts law

makes clear that the value of the interest is to be calculated without reference to goodwill, *see* Mass.Gen.Laws ch. 108A, § 38(2)(c)(II), it is not "goodwill" but, rather, the likely future value of the venture's implant technology that allegedly makes Infusaid Corp.'s interest so valuable; the venture's present earnings are arguably beside the point. Moreover, says Infusaid Corp., damages could not possibly be great enough to account for so large a reduction in the value of its interest in the venture. If the district court tentatively rejected these arguments of Infusaid Corp. and accepted Intermedics' arguments, it should have said so and explained why.

On the other hand, the district court may not have based its bond decision on its tentative conclusion that Intermedics was likely right on the merits. It may simply have believed that Intermedics would pay whatever the courts eventually find that it owes—even if that amount is much more than $5 million. Intermedics' size and financial health may have led the district court to conclude that a larger bond was not needed.

We need not here reach or resolve the conflicting arguments about the likelihood of success on the "value" question or the question of Intermedics' ability to pay. These are matters for the district court initially to decide. Since, however, we do not know how it sought to resolve them in the preliminary way necessary to set the size of the bond, we believe it should reconsider the matter of the bond's amount and that it should then indicate the basis for the decision that it reaches. *Cf. County of Madison, N.Y. v. U.S. Dept. of Justice*, 641 F.2d 1036, 1043 (1st Cir.1981). In the meantime, we shall leave in place our interim order of October 29, 1984, that this court entered pending this appeal, which, in effect, raised the level of the bond to $10 million.

■ Finally, Infusaid Corp. complains that Intermedics violated the October 29, 1984 interim order of this court (entered

**4**

pending this appeal), which sought to maintain the status quo pending appeal and which raised the required bond to $10 million. Infusaid Corp. points to Intermedics' termination of the employment of certain venture employees, to Intermedics' insistence that its own counsel be present at meetings held between the venture's employees and Infusaid Corp.'s counsel, and to Intermedics' failure to increase its bond from $5 million to $10 million until November 14. The first two matters were brought to the attention of the district court. It concluded that the conduct Infusaid Corp. complains of did not violate our order or interfere with Infusaid Corp.'s ability to prepare its appeal. We agree with those conclusions. Moreover, the bond is now in place, and Infusaid Corp. points to no specific harm caused by Intermedics' failure to increase the bond amount until November 14. We find no evidence that Intermedics' delay resulted from any lack of good faith. Thus, we conclude that the late increase did not materially violate our order of October 29.

Infusaid Corp. makes several additional allegations about the bond's inadequacy. These allegations, however, have not been brought to the attention of the district court, and we shall not consider them. *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). Since we are remanding this case for reconsideration of the bond's amount, the district court can consider these additional challenges to the bond at the same time.

The district court's decision issuing the injunction of September 21, 1984, is affirmed. The case is remanded for reconsideration of the amount of the bond Mass. Gen.Laws ch. 108A § 38(2)(b) requires, and for such further proceedings as are needed to complete the process of valuing Infusaid Corp.'s interest in the venture and assessing damages. Mass.Gen.Laws. ch. 108A, § 38(2)(c)(II).

*Affirmed in part; vacated and remanded in part.*