91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia A. McCOLM, Plaintiff-Appellant, Cross-Appellee,
v.
CALIFORNIA STATE UNIVERSITY TRUSTEES, Defendant-Appellee,
Cross-Appellant.
 No. 92-16913, 92-16934.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1996.*
Decided July 5, 1996.
 
 Before: ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patricia McColm appeals pro se the district court's judgment in favor of California State University Trustees ("CSU") on her claims of gender discrimination and discriminatory retaliation. CSU cross-appeals, arguing that the district court erred in amending its judgment to state that CSU violated California Education Code § 89546. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's judgment against McColm, reverse the district court's amendment of the judgment and remand for entry of judgment for CSU.
 
 
 3
 * McColm challenges the district court's findings and conclusions regarding her discrimination claims.[1] Following a bench trial, findings of fact shall not be set aside unless clearly erroneous. Fed.R.Civ.P. 52(a); Price v. United States Navy, 39 F.3d 1011, 1021 (9th Cir.1994). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (internal quotation omitted). We review conclusions of law de novo. 39 F.3d at 1021.
 
 A.
 
 4
 McColm argues that we should review the trial court's factual findings de novo because eight years intervened between the trial and decision, and because the district judge lacked the trial record. McColm characterizes the action of the district court as an abuse of discretion and a violation of due process. McColm also challenges the decision to conduct a bench trial, asserting that she did not authorize her attorney's waiver of a jury trial. These arguments lack merit.
 
 
 5
 McColm's attorney waived jury trial on the record at a pretrial conference, noting that McColm was requesting only equitable relief, including back pay. A waiver of jury trial is valid if placed upon the record and agreed to by both sides. United States v. Missouri River Breaks Hunt Club, 641 F.2d 689, 692 (9th Cir.1981). Because she was present at the bench trial, McColm knew her case was tried without a jury; she has never before challenged that decision. It is too late for her to assert that her attorney acted against her wishes. Schepp v. Langmade, 416 F.2d 276, 278 (9th Cir.1969). Moreover, a jury trial was not available for the relief she requested. Williams v. Owens-Illinois, Inc., 665 F.2d 918, 929 (9th Cir.) (back pay is in the nature of equitable relief; no jury trial), cert. denied, 459 U.S. 971 (1982).
 
 
 6
 Delay in entering findings and conclusions pursuant to Rule 52 does not constitute an independent reason for reversing the judgment of the district court or for reviewing its findings de novo. In placing upon district courts the burden of making findings and conclusions in all cases tried without a jury, Rule 52 balances the resultant delay in decision against (1) encouraging care by district courts in ascertaining facts, United States v. Merz, 376 U.S. 192, 199 (1964), and (2) aiding appellate review by affording the appellate court a clear understanding of the basis for the decision of the trial court. Swanson v. Levy, 509 F.2d 859, 861 (9th Cir.1975). That findings and conclusions cause delay does not relieve the district court of the obligation to make them.
 
 
 7
 The district court entered lengthy findings and did not merely adopt the findings proposed by the defendants. The court also took notes during the trial, and its findings do not indicate unfamiliarity with the issues or the testimony in the case. Moreover, the district court's assessment of McColm's credibility formed the core of its findings, which rest heavily on the district judge's determination that McColm lacked credibility. This determination is not one that the district judge would likely have made only as she recorded her findings in 1991. Because of the opportunity that district judges have to observe the demeanor of witnesses, reviewing courts are particularly hesitant to set aside their findings based upon conflicting oral testimony. Gibbs v. Pierce County Law Enf. Support, 785 F.2d 1396, 1402 (9th Cir.1986). We review the district court's findings for clear error.
 
 B.
 
 8
 Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire ... any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute also forbids retaliation by an employer against an applicant because of the applicant's opposition to any unlawful employment practice. 42 U.S.C. § 2000e-3(a). In all respects relevant to this appeal, California anti-discrimination law is similar to federal law. See County of Alameda v. Fair Employment & Housing Comm'n, 153 Cal.App.3d 499, 504 (1984).
 
 
 9
 McColm bears the burden of proving by a preponderance of the evidence that CSU intentionally discriminated against her. Lam v. University of Hawaii, 40 F.3d 1551, 1564 (9th Cir.1994) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, ----, 113 S.Ct. 2742, 2747 (1993)). To satisfy this burden, McColm must first make out a prima facie case of discrimination by showing that (1) she is a member of a protected class, (2) she was qualified for the positions available and for which she applied, (3) she was not retained and (4) after her rejection the position remained open and CSU continued to seek applicants with qualifications similar to McColm's. Hicks, 113 S.Ct. at 2742 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Once McColm meets this burden, the burden of production shifts to CSU to show legitimate, nondiscriminatory reasons for its actions. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). If CSU shows such reasons, McColm must prove that the reasons are pretexts for discriminatory motives. Id.
 
 C.
 
 10
 The district court found that McColm had failed to demonstrate that she was qualified for the tenure track positions offered by San Francisco State University ("SFSU"), precluding her from establishing a prima facie case. McColm argues that this finding is clearly erroneous because the district court limited her qualifications to the performance area.
 
 
 11
 The record contains ample support for the district court's finding that McColm was only qualified to teach in the performance area. All of the persons hired for the tenure track positions either had doctoral degrees or extensive experience in specialty fields. McColm had a masters degree and significant experience in performance, but not in production, audio, mass communication and other areas in which tenured positions were filled.
 
 
 12
 McColm fails to identify any record evidence supporting the fact that there was an open tenure track position related to the performance area. The district court did not err in finding that McColm failed to show a prima facie case of discrimination regarding the tenure track decisions.
 
 D.
 
 13
 The district court determined that McColm had established a prima facie case of discrimination as to the decisions to reduce and finally eliminate her hours as a lecturer. The court further found that the return of tenured faculty to teach the courses, the mixed student reviews of McColm's courses and the tensions created by McColm's conduct constituted legitimate nondiscriminatory reasons for the reductions in hours. The court then found that McColm had not shown these reasons to be pretextual, noting that SFSU hired several well-qualified women into tenure track and other positions. The court held these reasons sufficient to rebut McColm's claim of retaliation.
 
 
 14
 Having conducted a careful review of the record, we are not "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. at 573 (internal quotation omitted). Substantial evidence exists to support the district court's findings, and McColm's contrary evidence is largely dependent upon her own testimony, which the district court did not credit.
 
 II
 
 15
 McColm claims that the district court erred in placing limitations on testimony regarding Dr. Herbert Zettl's romantic relationships with other employees. Evidentiary rulings are reviewed for abuse of discretion and should not be reversed absent some prejudice. Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995).
 
 
 16
 The district court ruled at the outset of the trial that evidence of Zettl's relationships could be admitted to the extent that the facts were known to decisionmakers. The court excluded the names of the women involved and the specific details, and Zettl testified about two such relationships. This decision correctly balanced the purpose of the evidence with the privacy of the individuals involved. It was not an abuse of discretion, and McColm cannot show any prejudice, particularly since this was a bench trial.
 
 III
 
 17
 McColm claims that the district court erred in concluding that CSU was not liable to McColm under the California Information Practices Act ("the Act"), Cal.Civ.Code § 1798 et seq. In its findings and conclusions, the district court determined that "some records appear to have been incomplete or not maintained in an orderly fashion [but] the plaintiff has failed to establish that this had an adverse [e]ffect on any employment decision." McColm challenges the district court's conclusions that: (1) an adverse effect is necessary to demonstrate a violation of the Act and (2) that there was no adverse effect.[2] The district court's interpretation of the Act is reviewed de novo, and its finding of no adverse effect is reviewed for clear error. Price v. United States Navy, 39 F.3d at 1021.
 
 
 18
 Generally, the Act requires public agencies to maintain correct records and provide employee access to those records. If the failure to comply with the Act results in "a determination ... which is adverse to the individual," the remedies include a private right of action. Cal.Civil Code §§ 1798.45, 1798.48.
 
 
 19
 The district court correctly concluded that McColm had not shown that a failure to comply with the Act had resulted in a determination adverse to her. In addition, the record reflects that McColm did have access to her files, even if they were not always complete, during the course of her employment.
 
 IV
 
 20
 McColm argues that the district court should have granted her motion for a new trial or amended judgment. This decision is reviewed for abuse of discretion. Larson v. Neimi, 9 F.3d 1397, 1398 (9th Cir.1993).
 
 
 21
 Arguing that the district court should have applied the relevant law of 1991, McColm does not demonstrate that the district court failed to do so or that applying new law would have made a difference in her case.[3] McColm's motion also asserted error based on McColm's view of the facts. The district court did not abuse its discretion in declining to revisit its determinations.
 
 V
 
 22
 McColm argues that the district judge should have recused herself for bias. She alleges in her opening brief that, prior to entering its findings and conclusions, the district judge told an unidentified court reporter that "Any woman who gets involved with a married man deserves what she gets." Because McColm failed to raise this issue in the district court, she did not preserve the issue for appeal. See United States v. Sarno, 73 F.3d 1470, 1499 (9th Cir.1995), petition for cert. filed, (May 22, 1996) (No. 95-1892). Even if we construed her argument on appeal as a timely motion for recusal, her unsupported allegations do not support such a motion. United States v. Conforte, 624 F.2d 869, 881 (9th Cir.) (a judge's disapproval of a party's known conduct must be so "active and deep-rooted" that "a fair-minded person could not entirely set [it] aside when judging certain persons or causes"), cert. denied, 449 U.S. 1012 (1980).
 
 VI
 
 23
 In its cross-appeal, CSU argues that the district court erred in amending its findings and conclusions to state that SFSU violated California Education Code § 89546. Section 89546 applies by its terms to employees, not former employees. In its finding, the court cited exclusively to McColm's declaration, dated December 9, 1991, which stated that "over the years" her requests for access to her files had been denied on the instructions of counsel for CSU. These requests, which came after McColm's employment, cannot form a basis for a section 89546 violation. We therefore reverse the district court's amended judgment and remand with instructions to enter judgment in favor of CSU on this issue.
 
 
 24
 We deny McColm's request for sanctions against CSU under Fed.R.App.P. 38. CSU's cross-appeal was not frivolous.
 
 
 25
 AFFIRMED in part and REVERSED in part. REMANDED for entry of judgment for Appellees.
 
 
 26
 Each party shall bear its own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision on the briefs and record, without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 McColm moved to add "Attachment A," a 53-page brief-like document, to her informal opening brief. We grant the motion. McColm objected to a list of corrections filed by CSU, but we have considered the corrections, which are largely clerical in nature
 
 
 [2]
 McColm also challenges the district court's finding that she "removed documents and placed documents in her file in an unauthorized fashion." This finding was not clearly erroneous; it turned on credibility and has support in the record
 
 
 [3]
 The Civil Rights Act of 1991 does not apply retroactively. Landsgraf v. USI Film Products, 114 S.Ct. 1483 (1994) (section 102); Rivers v. Roadway Express, Inc., 114 S.Ct. 1510 (1994) (Section 101)