
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 13-17448 |
| Plaintiff - Appellee, | D.C. No. 2:97-cv-00750-PMP-VCF |
| v. | |
| GLEN BURKE, DBA American Health Associates, LLC, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted June 9, 2015**
San Francisco, California

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

Glen Burke appeals the district court's order holding him in contempt of a

stipulated permanent injunction issued in 1998 and requiring Burke to pay

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanctions. We have jurisdiction over this final order under 28 U.S.C. § 1291, and we reverse as to the portion of the order finding Burke in contempt based on his involvement in a direct-mail sweepstakes operation, for which he was fined $17,389,232.[1]

Burke is subject to an injunction that prohibits him from, among other things, "[m]isrepresenting, in any manner, directly or by implication, or failing to disclose any fact material to a consumer's decision to purchase any item, product, good, service, or investment." The FTC filed two motions to hold Burke in contempt of this injunction: one based on a telemarketing operation, and one based on a sweepstakes operation. The district court granted both motions and imposed monetary sanctions. However, in its first order granting the motions to hold Burke in contempt, the district court held only that "[b]ased upon the Declarations and evidence adduced in the various motions and the arguments of counsel presented," Burke was in contempt of the injunction. In a subsequent clarifying order, the district court provided findings of fact regarding the telemarketing scheme, but nothing further about the sweepstakes operation, and merely stated that the FTC's

---

[1]Burke does not appeal the portion of the district court's order holding him in contempt for his involvement in a telemarketing scheme, for which he and his company American Health Associates were sanctioned $2,785,508.36.

evidence was "uncontroverted and warrants the award of the sums outlined in" the first order.

Federal Rule of Civil Procedure 52(a) requires district courts in non-jury actions to "find the facts specially and state its conclusions of law separately." We have noted that "[a]t least one purpose for requiring findings of fact is 'to aid this court by affording it a clear understanding of the basis of decision of the district court.'" *Lumbermen's Underwriting Alliance v. Can-Car, Inc.*, 645 F.2d 17, 18 (9th Cir. 1980) (per curiam) (quoting *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975)). In this case, the district court's conclusory statements about the evidence supporting the contempt order and sanctions against Burke for his involvement in the sweepstakes scheme do not afford us "a clear understanding of the basis of decision." *Id.* (internal quotation marks omitted). In such circumstances, "we may remand the case for additional and more detailed findings and conclusions." *F.T.C. v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004). Because we decline to act as finders of fact in the first instance, on a bare record from the district court as to Burke's responsibility for the sweepstakes operation,

we remand so that the district court can provide findings that will facilitate reasoned review of its order.[2]

**REVERSED** as to the portion of the order finding Burke in contempt for his participation in the sweepstakes operation and sanctioning him in the amount of $17,389,232 and **REMANDED** for proceedings consistent with this Memorandum.

**REVERSED and REMANDED.**

---

[2]Because we remand to the district court to enter findings of fact, we do not reach any of Burke's other arguments.