**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No.    16-15859 |
| Plaintiff-Appellee, | D.C. No. 2:97-cv-00750-GMN-VCF |
| v. | |
| GLEN BURKE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted October 13, 2017
San Francisco, California

Before:  TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[**] District Judge.

In a 1997 civil action brought by Plaintiff-Appellee Federal Trade Commission,

Defendant-Appellant Glen Burke consented to the entry of a permanent injunction.

The injunction enjoined Burke from, among other things, "[m]isrepresenting, in any

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

manner, directly or by implication, or failing to disclose any fact material to a consumer's decision to purchase any item, product, good, service, or investment." The injunction further prohibited Burke from "assisting others" in doing the same.

In these proceedings, the district court determined that Burke violated the injunction, found him in contempt, and ordered him to pay $17,389,232.00 in contempt sanctions. The district court concluded that Burke violated the injunction when he operated and/or assisted others in operating a direct-mail sweepstakes scheme that misled consumers into believing they could receive life-changing prizes by making certain payments.

Burke argues that his alleged misconduct was not prohibited by the injunction and, in addition, that the FTC failed to prove by clear and convincing evidence that he engaged in the misconduct. Burke further complains that the district court erred when it found him in contempt and sanctioned him without holding an evidentiary hearing. We disagree and affirm the district court's contempt order.

The FTC alleged that Burke assisted others who misrepresented or failed to disclose material facts related to consumers' decisions whether to purchase payment processing services related to the sweepstakes scheme. That alleged misconduct fell squarely within the scope of the injunction.

And the FTC presented sufficient evidence to prove its allegations by the required clear and convincing evidence. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (holding that contempt has to be proved by clear and convincing evidence). That evidence included emails, receipts, spreadsheets, and deposition testimony. In addition, the district court properly drew adverse inferences against Burke based upon his invocation of the Fifth Amendment and his refusal to answer questions concerning his connection to the sweepstakes scheme during his deposition. *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) ("Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof."). The combination of the FTC's documentary evidence and the adverse inferences permissibly drawn against Burke established Burke's violation of the injunction by clear and convincing evidence. There is thus sufficient support for the district court's contempt finding.[1]

---

[1] The district court adopted the FTC's proposed findings of fact and conclusions of law nearly verbatim. We have often disapproved of that practice and do so again here. *See, e.g.*, *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1215 (9th Cir. 2004) ("Although verbatim adoption of a prevailing party's proposed findings is not automatically objectionable if the findings are supported by the record…the practice is generally disapproved." (citing *Lumbermen's Underwriting All. v. Can-Car, Inc.*, 645 F.2d 17, 18-19 (9th Cir 1980))).

Finally, the district court did not err when it issued its contempt ruling without holding an evidentiary hearing. The evidence submitted by Burke did not create a factual dispute that required a hearing to resolve.

Accordingly, we affirm the contempt order entered by the district court.

**AFFIRMED**.

*Federal Trade Commission v. Burke,* **16-15859**

FILED

OCT 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEITMAN, District Judge, dissenting:

I respectfully dissent. I do not believe that the FTC's evidence proved by clear and convincing evidence that Burke violated the injunction or assisted others in doing so. I also believe that Burke submitted sufficient evidence to entitle him to an evidentiary hearing prior to the entry of the order holding him in contempt.