**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CHAD PAUL DELANNOY, | No. 20-60030 |
| Debtor, | BAP No. 19-1230 |
| ------------------------------ | |
| CHAD PAUL DELANNOY, | MEMORANDUM* |
| Appellant, | |
| v. | |
| WOODLAWN COLONIAL, L.P., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Spraker, Bankruptcy Judges, Presiding

Submitted May 11, 2021**
Pasadena, California

Before: OWENS, R. NELSON, and BADE, Circuit Judges.

Chad Paul Delannoy ("Delannoy") appeals the Bankruptcy Appellate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel's ("BAP") opinion affirming the bankruptcy court's entry of a non-dischargeable judgment pursuant to 11 U.S.C. § 523(a)(6) in favor of creditor Woodlawn Colonial, L.P. ("Woodlawn") after Woodlawn moved for summary judgment on its claim for non-dischargeable debt. Delannoy contends that the bankruptcy court improperly applied issue preclusion to a state court judgment awarding Delannoy's former employer compensatory and punitive damages for its claims for conversion and "money had and received." Delannoy's former employer assigned all right, title and interest in the state court judgment to Woodlawn. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's grant of summary judgment and its determination that issue preclusion is available, and we review its decision to apply issue preclusion to the state court's judgment for abuse of discretion. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). We affirm.

The doctrine of issue preclusion applies to proceedings seeking exceptions from discharge under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). Issue preclusion, or collateral estoppel, bars relitigation of factual issues that have been adjudicated in a prior action. "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). Accordingly,

2

we apply California law to determine the preclusive effect of the state court judgment.

Under California law, the party asserting issue preclusion bears the burden of establishing five threshold requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Ct.*, 795 P.2d 1223, 1225 (Cal. 1990). Further, the application of issue preclusion must be fair and consistent with public policy considerations, including the "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Id.* at 1227. Delannoy contends that the last three requirements are not met in this case, and that the application of issue preclusion fails to comport with these fairness and public policy considerations. We disagree.

To conclude that an issue was "necessarily decided," the third threshold requirement, California courts require "only that the issue not have been 'entirely unnecessary' to the judgment in the initial proceeding." *Id.* at 1226. In awarding punitive damages to Delannoy's former employer, Woodlawn's assignor, the state trial court found that Delannoy engaged in acts of conversion with fraud, malice,

3

and an intent to cause economic injury, and that his acts showed a "pattern or practice, and involved trickery and/or deceit." Not only do these findings demonstrate that Delannoy's conversion constituted a "willful and malicious injury" for purposes of § 523(a)(6), *see Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *In re Barboza*, 545 F.3d 702, 706 (9th Cir. 2008), but they were certainly not "entirely unnecessary" to the award of punitive damages in the state proceeding, *Lucido*, 795 P.2d at 1226. We further reject Delannoy's contention that the judgment is "not conclusive as to the finding of conversion," based on Comment *i* to the Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982)—a provision that it is not clear the California courts even follow. *See Zevnik v. Superior Ct.*, 70 Cal. Rptr. 3d 817, 822 (Ct. App. 2008).

On the fourth requirement, the state appellate court did not hear and decide the merits of Delannoy's appeal, but that does not militate against the bankruptcy court's application of issue preclusion because Delannoy chose to file a chapter 7 petition, which voluntarily relinquished to the trustee the right to pursue any appeal from the state court judgment. The bankruptcy code provides that legal interests are considered property of a debtor's estate, 11 U.S.C. § 541(a)(1), and we have held that a bankruptcy trustee has the exclusive right to raise legal claims on behalf of the estate, *Estate of Spirtos v. One Bernardino Cnty. Superior Ct.*, 443 F.3d 1172, 1175–76 (9th Cir. 2006). Although California recognizes an exception to

4

issue preclusion when the "party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action," Restatement (Second) of Judgments § 28(1) (Am. L. Inst. 1982), that exception does not apply in cases, such as here, where a litigant waives or forfeits its ability to secure appellate review, *id.* cmt. a; *Samara v. Matar*, 419 P.3d 924, 930 (Cal. 2018).

On the fifth threshold requirement, "[w]hether someone is in privity with the actual parties requires close examination of the circumstances of each case," and "depends upon the fairness of binding appellant with the result obtained in earlier proceedings in which it did not participate." *Rodgers v. Sargent Controls & Aerospace*, 38 Cal. Rptr. 3d 528, 535 (Ct. App. 2006) (internal quotation marks and citation omitted). But here, Delannoy himself was a party to the state court proceedings at all times leading up to entry of judgment. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990) ("Privity exists where the party against whom collateral estoppel is asserted was a party to the prior adjudication where the issue to be estopped was finally decided."). Although he was not a party when the state court of appeal's judgment became final, he remained involved and asserted his own interests in the appeal even after he voluntarily relinquished his appellate rights to the bankruptcy trustee, who, in turn, sold them to Woodlawn. Thus, there is no "fairness" problem in binding Delannoy to the result obtained in

the state trial court proceedings; Delannoy set the sale of his appeal rights in motion by voluntarily filing for bankruptcy before he could litigate his appeal to completion. *Rodgers*, 38 Cal. Rptr. 3d at 535.

Finally, the bankruptcy court's failure to conduct the requisite fairness and public policy analysis is not reversible error because "a complete understanding of the issues . . . may be had from the record on appeal." *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975). Although Delannoy contends that the manner in which the judgment became final following the entry of the sale order was unfair or violated public policy, we previously concluded that the bankruptcy court did not abuse its discretion in allowing the sale of Delannoy's appellate rights to Woodlawn. *See In re Delannoy*, 833 F. App'x 116, 118–20 (9th Cir. 2020).

Because no public policy factors weigh against application of the doctrine of issue preclusion, and Woodlawn met its burden of establishing each of the threshold requirements, the bankruptcy court and the BAP did not abuse their discretion in applying the doctrine.

**AFFIRMED.**

6